The Chief Justice
delivered the opinion of the court.*
We are of opinion that the circuit court erred in refusing to instruct the jury that, the evidence adduced on the part of the plaintiff in that court, did not support the second count in the declaration. The agreement of the plaintiff to give up to the defendant his interest in a salt well and works in which they were partners, is alledged as the consideration of the promise averred to be made by the defendant. On the trial, it appeared that the plaintiff and defendant were joint lessees of the salt well for the term of seven years, and the plaintiff proved by parol testimony, the agreement on his part to give up his interest to the defendant, but produced no written evidence to that effect. Now, it is obvious that, according to the provisions of the statute against frauds and perjuries, a verbal agreement on the part of the plaintiff to transfer his interest in the salt well to the defendant, was not obligatory, such an agreement was, consequently, not a sufficient or valid consideration for the promise on the part of the defendant.
It was not, indeed, necessary to alledge in the declaration, that the agreement was in writing, for the statute has not altered the mode of pleading; but, in order to support *34 the count, it was certainly necessary to produce in evidence some memorandum in writing, of the agreement signed by the plaintiff, or some one duly authorised by him.
Bibb for appellant, Pope contra.
The judgment must be reversed with costs, and the cause be remanded for a new trial, not inconsistent with the foregoing opinion.

Absent, Judge Rowan.