## BALDWIN AND OTHERS *vs.* ATWOOD.

Where a deed of land stated in the premises that the land was conveyed "in trust, for the uses and purposes herein after mentioned," and in the habendum, that the grantees were "to have and to hold said land in trust, that they shall at all times forever hereafter permit such ministers and teachers belonging to the Methodist Episcopal Church in the United States of America, as shall be duly authorized, from time to time, by the general conference of the ministers and teachers of said church, or by the annual conference authorized by the general conference, to preach and expound God's holy word in the house, or place of worship, which has been erected on said land for the use of the members of said church;" and said deed subsequently prescribed the mode of supplying trustees in the place of the grantees, who might die or cease to be members of the church, for whose benefit the grant was made, in further trust and confidence; it was held, that such deed was not to be construed as a deed on condition, in which case the breach of it would be followed by a forfeiture of the estate, but as a deed in trust, cognizable in chancery.

Therefore, where the land described in such deed was afterwards conveyed, with the consent of the *cestuis que trust*, and sold by the trustees for other purposes, it was held, that such disposition did not operate as a forfeiture of the estate to the heirs of the grantor.

THE plaintiffs brought their action of ejectment against Warren Atwood, for a tract of land, situated in the town of Windham.

The cause came to the October term of the superior court for the county of Windham, and was reserved for the advice of this court, upon the following agreed statement of facts.

On the 17th day of December, 1831, Daniel Sessions, the ancestor of the plaintiffs, conveyed the land in question, by a deed duly executed, to Apollos Perkins, William C. Boon, Luther Jacobs, Jonathan Fuller, Ralph Williams, Asa White, Leonard R. Dunham, Sydney Cook and William C. Boon, Jr., and their successors, trustees, which deed was for the consideration of —— dollars, and which in the premises stated that said land was conveyed "in trust, for the uses and purposes herein after mentioned."

After describing the premises conveyed, said deed proceeded as follows:

" To have and to hold, the above described piece of land, unto the said grantees and their successors in office forever, in trust that they shall, at all times forever hereafter, permit such ministers and teachers, belonging to the Methodist Episcopal Church in the United States of America, as shall be duly authorized, from time to time, by the general conferences of the ministers and teachers of the said church, or by the annual conference, authorized by the general conference, to preach and expound God's holy word, in the house or place of worship which has been erected on the said land, for the use of the members of said church, and in further trust and confidence, that as often as any one or more of the trustees herein before mentioned, shall die, or cease to be a member, or members of said church, according to the rules and discipline of the same, then, and in such case, it shall be the duty of the stationed minister, or preacher, authorized as aforesaid, who shall have the pastoral charge of the members of the said church, to call a meeting of the remaining trustees, as soon as conveniently may be, and when so met, the said minister or preacher shall proceed to nominate one or more persons, to fill the place or places of him, or them, whose office, or offices, have been vacated as aforesaid, provided the person or persons so nominated, shall have been one year a member or members of said church, immediately preceding such nomination, and be at least twenty-one years of age ; and the said trustees so assembled shall proceed to elect, and by a majority of votes appoint, the person or persons so nominated, to fill such vacancy, or vacancies, in order to keep up the number of nine trustees forever, and in case of an equal number of votes for and against the said nomination, the stationed minister or preacher shall have the casting vote.    And the said Daniel Sessions doth, by these presents, warrant and forever defend, all and singular, the before mentioned and described lot or piece of land, with the appurtenances thereto belonging, except as aforesaid, unto them, the said Apollos Perkins, William C. Boon, Luther Jacobs,

dist Episcopal church conveyed said premises, by deed of warranty of that date, in the usual form, to the defendant, and from and after said 11th day of July, 1850, said trustees and said Methodist Episcopal church abandoned all right or claim to said premises, and to the use or occupancy thereof. And the same continued to be used by the defendant for secular purposes only. The ministers and teachers belonging to the said Methodist Episcopal church in the United States of America, duly authorized from time to time, by the general conference of the ministers and teachers of said church, or by the annual conference, authorized by the general conference, have never, since said sale to the defendant, used, or applied to use, said premises, to preach or expound God's holy word therein.

The church formerly standing thereon, has been changed and appropriated for stores, offices and mechanics' shops, and has ever since said sale, been used exclusively for secular purposes: all which was done by the knowledge and consent of said Methodist Episcopal church, and the trustees of said church.

Said trustees and said Methodist Episcopal Church purchased other lands, and erected thereon another house, or place of worship, for their use, and permanently abandoned the premises mentioned in said deed, for all the uses mentioned in said deed of Daniel Sessions to said trustees.

In the sale of said property to said Atwood, in July, 1850, the regulations and requirements of the discipline of the Methodist Episcopal church, in relation to sales of church property, were complied with.

At the time of the commencement of the present suit, and for a long time previous thereto, the defendant was, and ever since has continued, in possession of the premises in question, and deforced, and kept the plaintiffs out of the same. The plaintiffs, a few days previous to the commencement of their suit, made a legal entry into and upon said premises, by virtue of a claimed determination of said trust, and of a

claimed forfeiture of said estate, and for the purpose of taking advantage thereof, and demanded possession of the same, and no question was made, between the parties, as to the form or fact of said entry.

Said Daniel Sessions died before the commencement of the present suit, and the plaintiffs were his heirs at law.

*E. Perkins* and *J. H. Carpenter,* for the plaintiffs, contended,

1. That the deed of the premises in question, by the ancestor of the plaintiffs, did not convey an estate in fee, inasmuch as it contained no words of perpetuity.

2. That the estate conveyed was upon condition. To render an estate conditional, no technical words are necessary, and in the present case, the property having been appropriated to purposes inconsistent with the terms of the trust, the estate had determined, and the trust ceased, and the estate was forfeited to the heirs of the grantor. *Brown* v. *Brown,* 18 Conn. R., 538. *Wheeler* v. *Walker,* 2 Conn. R., 196. 2 Cruise Dig., 353.

*Foster,* with whom was *Arnold,* for the defendant, contended,

1. That the deed of Sessions to the trustees of the Methodist Episcopal church, did not convey an estate upon condition, but an estate in trust, in express terms. Such are the express terms of the deed.

2. That the deed contained no words, showing that any defeasible estate was intended to be created.

3. That a consideration for the grant, having been paid, and expressed in the deed, there can be no resulting trust.

STORRS, J. We are of opinion that the plaintiffs have no legal title to the demanded premises, and therefore, that they have no right to recover.

. It is clear that the estate conveyed by the deed from Daniel Sessions has not expired by the terms of the limitation contained in it. If there are wanting, in that conveyance,

such words of perpetuity as are necessary, in order to pass an estate in fee to the grantees, (a point which it is unnecessary here to determine,) it conveys an estate at least for life to the latter, and as it neither appears, nor is claimed, that any of those grantees have deceased, the property has not yet reverted to the heirs of the grantor, the plaintiffs in this case, but remains in such grantees.   Indeed, the plaintiffs claim no title, merely by virtue of the limitation of the estate ·as to its duration, contained in this grant.

But they claim title, on the ground that the declaration, in the conveyance, of the purposes for which the property should be used, created an express *condition* that they should be so used; that such condition was broken by reason of the appropriation of it to other purposes ; and that therefore the estate granted was defeated by such breach, and reverted to the plaintiffs, they having taken the requisite legal steps to avail themselves of the forfeiture incurred by such breach. The defendant, however, insists that, by the just construction of the language used in this conveyance, in reference to the use to which the property was to be appropriated, it was not the intention of the parties, that the estate granted should be defeated by the use of it for other purposes, and that therefore no conditional estate was granted, but that it was an absolute grant, creating only a trust for the purpose specified, to be enforced, if not complied with, by a court of equity, but not followed, in case of a violation of such trust, by a forfeiture of the legal estate granted, or a reverter of it to the heirs of the grantor.   And we are of opinion that this claim of the defendant is well founded.   It is properly admitted, by the plaintiffs, that if the estate granted is not a conditional one, but is only accompanied with a trust, the violation of such trust would not operate as a forfeiture of such estate, under the circumstances of this case, and consequently that they can not recover, for want of a legal title to the demanded premises.   The question, therefore, is, whether a condition, or only a trust, was created by this conveyance;

and that depends upon the enquiry, whether it appears from the instrument, that it was the intention of the parties to it, that the estate granted should be defeasible on a refusal, or neglect by the grantees, or those holding under them, to appropriate the property to the uses for which it is declared to be granted. The question is one simply of intention, depending on the just construction of the conveyance. No particular words are necessary, in a deed, in order to create a condition; and in the deed before us, any terms would be sufficient for that purpose, if, by a fair construction, they shew that it was the intention of the parties, that the estate granted should be defeated by the misappropriation of the property relied on by the plaintiffs. On examining this deed, we do not think it is susceptible of a fair doubt that it was not intended that the estate should be thus defeasible, and that it was designed by it only to create a mere trust. The latter object is evinced by as clear and appropriate language, as it was in the power of the grantor to use, and indeed, by the very technical terms which, in most trust conveyances, are employed to create trusts. In what is termed the premises of the deed, the land is granted "in trust, for the uses and purposes hereinafter mentioned." In the *habendum*, it is stated that it is to be had, and held "in trust" for the purposes which are immediately specified therein; and in the subsequent provision, prescribing the mode of supplying trustees, in the place of the grantees who may die, or cease to be members of the church, for whose benefit the grant is made, "in further trust and confidence" that said provision shall be complied with. And there is an entire absence of not only any technical words, which impart a condition, but of any language whatever which goes, in the least, to shew that any defeasible estate was intended to be created, unless such intention is deemed to be evinced merely by the circumstance that the uses, for which the property is granted, are specified. But we have been referred to no case, and presume none can be found, where the mere declaration, in a

grant, of the use to which the property shall be appropriated, has been held to import a condition. In this grant, moreover, it appears that it was made for a valuable consideration, proceeding from the grantees, or those for whose use it was made, and it is quite plain that it was made for the benefit of the latter, exclusively, and not that of the grantor. And it is equally obvious, that the conveyance was intended to be made to the grantees in trust, for those who appear to be beneficially interested in it, because the former could legally take, whereas the latter, not being a corporate body, could not be vested with such a legal title as would effectuate the object of the conveyance.

We therefore advise that judgment be rendered for the defendant.

In this opinion the other judges concurred, except CHURCH, C. J., who was not present when the cause was argued.

Judgment for the defendant.