## PERRY v. McEWEN.

TRUST—FORFEITURE—INJUNCTION.—Where a lot is conveyed to trustees of a religious society, for the use of such society, according to the discipline, &c., and the society erect a church building thereon, and the trustees lease the basement thereof, which was made for a prayer room, to a teacher of a common day school, with leave to him to change the internal arrangements of the room to adapt it to his business, such trustees may be enjoined, on the application of members of the society, from such leasing.

APPEAL from the *Bartholomew* Circuit Court.

PERKINS, J.—In 1854, *John F. Jones* and *Catharine*, his wife, of *Columbus, Indiana*, executed a conveyance of a lot, in said town, to *William McEwen* and others, trustees and their successors, &c., "in trust for the uses and purposes named in said deed," which were, "for the use of the members of the Methodist Episcopal Church in the *United States*, according to the discipline, &c., of the general conference, in which church on said lot, at all times, the ministers thereof shall be permitted to preach and expound God's holy word," &c.

Money was subscribed, and a church building erected on the lot, costing some 7,000 to 8,000 dollars, of which sum said *McEwen* contributed 1,500 dollars. The building has a basement story on the ground, fitted up for prayer meetings, and regular church service in inclement weather, having a pulpit, seats, &c., and being neatly papered, &c.

This basement story, the trustees of the church leased for a term, to the teacher of a day common school, authorizing such changes to be made in the internal arrangements of the room, as would make it convenient for use as such common school room. *William McEwen*, above named, applied to the Circuit Court for an injunction restraining the trustees and teacher from converting said church room to use as such common school room.

Perry *v.* McEwen.

A perpetual injunction was granted.

The grant, in this case, was not a general one, of property to the society, without designation of use. Had it been, we should have had no difficulty in the premises. As it is, after considerable reflection, with some hesitation, we have concluded that the judgment below must be affirmed.

It was held in *Broadway* v. *The State*, 8 Blackf. 290, that the occasional abuses of the use of trust property did not occasion a forfeiture of the property. But the question of forfeiture is one, and that of the right and duty of a Court to restrain such abuses is another. And in the case at bar, the property was diverted in a way contemplating permanency. The property, in this case, was conveyed to be used for a particular purpose. Now, if it is held that there may be a departure from that purpose, who shall limit such departure? Suppose the house had been leased for a saloon, a billiard room, or the like, this would have been restrained. Suppose for a school to teach Atheism; or to teach doctrines simply adverse to the creed of Methodism; if any departure from the trust in the use of the property is allowed over objections by members, what are the departures that are to be allowed? See Hill on Trustees, Am. ed., p. 699, note; *Scott* v. *Stipe, et al.*, 12 Ind. 74.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Thomas A. Hendricks, Oscar B. Hord, J. E. McDonald,* and *A. L. Roache,* for the appellant.

*Francis T. Hord, M. M. Ray,* and *C. E. Walker,* for the appellee.