## T. S. THOMPSON *v.* WILLIAM ROARK ET AL.

Land—Sale—Verbal Contract.

A verbal contract for the sale of land is rot legally obligatory upon either party, until some writing evidencing the sale, and sufficient to take the contract out of the operation of the Statute of Frauds, is executed by the vendor and accepted by the vendee.

OPINION OF THE COURT BY JUDGE PETERS:

APPEAL FROM TAYLOR CIRCUIT COURT.

February 1, 1868.

The contract for the sale of the land for which the notes sued on, were excuted, was verbal, and after the first and second. installments were due, and actions were brought· by the vendor for coercion of payment, and an enforcement of the vendor's lien, he tendered a deed in execution of the contract on his part, and insists that the tender of the deed rendered the contract valid altho, at the time, it was entered into, it was within the statute of frauds, and no action could be maintained upon it by either party.

In *Curnett vs. Roberts* 11, *B. M.* 42—this court said a verbal contract for the sale of land is not legally obligatory upon either party, until some writing evidencing the sale, and sufficient to take the contract out of the operation of the statute of fraud, is executed by the vendor, and accepted by the purchaser-and the cases of *McDowell vs. Dunlap, 2 Mar. 33, and Murray vs. Pate, 6 Dana are referred to.*

Appellees did not even acquire the possession of the land under said contract, they perhaps repaired a house, and burned a tobacco bed on the place, but it was abandoned, and the tenant who was living on the place at the time of the contract continued in possession, and appellees were not in fact put in possession and derived no benifit from the contract. Nor has appellant sustained any loss or prejudice.

The contract therefore being within the operation of the statute could not be enforced. Wherefore, the judgment is affirmed.

*Howell,* for appellant.

*Montague,* for appellee.