Shearer, J.
I. In support of the demurrer to the first defense it is argued that the denial of possession in the plaintiff is insufficient. The allegation of the petition is that the plaintiff, as Bishop of Columbus, is in possession of and holds' the legal title to the premises therein described. This allegation is not expressly denied — the denial being that the plaintiff is in the lawful possession of said premises as Bishop, or otherwise.
*354 It has been held by this court at a former term that the naked possession of real estate is sufficient to enable a plaintiff to maintain an action to quiet title, and that unless a better title be shown by defendant, the plaintiff will be entitled to a decree. So that, conceding plaintiff’s ptísesssion to be unlawful, he is entitled to have his title quieted as against the adverse claim of the defendants, unless such adverse claim is shown to entitle the defendants to prevail over the mere possession of plaintiff. But if this were not so, such denial of possession is obnoxious to the objection that it is argumentative and is a plea of a legal conclusion. As claimed by counsel, the fact of possession is susceptible of a direct denial, and if not so denied, it is admitted. Boone’s Code Pl., see. 187.
II. The defendants also deny that there was any consideration for the conveyance by Peter Ury and wife to John Baptist Purcell. Further on they aver that the sole consideration for the conveyance was the desire of said Peter Ury for a burial ■ground devoted exclusively to the burial of Eoman Catholics of Columbus, where himself and family might be buried.
This was a sufficient consideration to support the deed; but if it were not, the heirs of Peter "Ury are estopped by the covenants of their ancestor, which are set out in the petition, from denying that there was any consideration for the conveyance. The consideration expressed in the deed is $600, and such recital, in connection with the covenants, concludes the defendants.
In Williams v. Pres. Soc’y of Cin., 1 Ohio St. 478, it is held that “ even if the trustees do not take a fee, yet, if the trust is created by deed, containing a covenant of general warranty, binding the grantor and his heirs forever, such deed may operate by way of estoppel, to confirm to the beneficiaries of the trust the perpetual and beneficial use in the land.
In the same case, Thurman, J., said: “ If it (the legal title) is in them (Symmes’ heirs), they are estopped by the *355 covenants of their ancestor from asserting it against the trusts created by the deeds.” Id. 505.
III. The important question raised by the demurrer is, whether the facts alleged in the second defense operate to terminate the trust, and to invest the heirs of Peter Ury with the title to the premises in controversy.
By his deed Peter Ury, in consideration of the sum of $600, paid by John Baptist Purcell, Bishop, conveyed the premises described in the petition to said Purcell, and to his heirs and assigns forever, as a burial ground; “ to have and to hold said premises with the appurtenances unto said Purcell, as such Bishop, his heirs and assigns forever, as a burial ground for the Roman Catholics; covenanting for himself and his heirs with said Purcell, as such Bishop, his heirs and assigns, that he would forever warrant and defend said premises with the appurtenances against the lawful claims of all persons whomsoever; said premises to be held by said Bishop in trust as a burial ground for the Roman Catholics of Columbus, O.”
It is to be observed that no condition in terms is annexed to this grant; nor is there any clause providing for forfeiture or re-entry; nor any stipulation that the deed shall be void in any event; nor does the deed, on its face, so far as its contents are recited in the petition or answer, purport to have been made solely in consideration of anything to be done, or for the accomplishment of a'Specific purpose, on the fulfillment of which the grant is made to depend. And unless some condition, the violation of which would operate as a forfeiture, and result in a reversion, can be fairly implied from the terms of the deed, the claims of the defendants in that behalf must fail. Ayer v. Emery, 14 Allen, 70.
And in view of the rule that conditions subsequent are not favored in law, and must be clearly expressed and strictly construed, even to an extent hardly reconcilable with conscience (4 Kent, 130), we are unable to find any condition in this deed.
*356 The statement of the object of the grant .does not make the grant conditional.
Bigelow, J., in the case of Rawson v. Uxbridge, 7 Allen, 130, an authority which seems to have been generally followed, says: “We believe there is no authoritative sanction for the doctrine that a deed is to be construed as a grant on condition subsequent, solely for the reason that it contains a clause declaring the purpose for which it is intended the granted premises shall be used, where such purpose will not inure specially to the benefit of the grantee and his assigns, but is, in its nature, general and public, and where there are no other words indicating an intent that the grant is to be void if the declared purpose is not fulfilled.”
If this be the law, how can it be said that the Ury deed was a grant upon condition? It contains a clause declaring the purpose for which the land shall be used, viz.: “a burial ground for the Roman Catholics of Columbus.” Such purpose did not and could not inure specially to the benefit of the grantee and his assigns. It is in its nature general and public ; and there is nothing in the deed indicating an intent that the grant is to be void if the declared purpose is not fulfilled. The deed under consideration seems to fall squarely within the doctrine of the case just cited.
In that case the grant was of a tract of land to trustees for a “ burying place forever,” and the trustees diverted the use ; yet the court said “there can be no doubt of the intent of the grantor that the estate should always be used and appropriated for such purpose. This intent is clearly manifested, but we search in vain for words which indicate an intention that if the grantees omitted to use them, and actually devoted them to. another purpose, the whole estate should thereupon be forfeited and revert to the heirs of the grantof.”
Quoting further from the same case: “ In grants from the crown and in devises a conditional estate may be created by the use of words which declare that it is given or devised for a certain purpose, or with a particular intention, or on payment *357 of a certain sum; but this rule is applicable only to those grants or gifts which are purely voluntary, and where there is no other consideration moving to the grantor or donor besides the purpose for which the estate is declared to be created. But such words do not make a condition when used in deeds of private persons. Id. 125.
Stearns v. Palmer, 10 Metc. (Mass.) 32, concerned the title to a burying ground; and the court held that where a tract of land was conveyed in trust for the use of the inhabitants of the parish for a burying ground forever, to have and to hold to the said grantees in trust, for the use of the inhabitants of said parish and their heirs forever for a burying ground, the grantees took a fee simple. See 41 Ohio St. 606; 4 Kent, 142; 14 Allen, 70; 16 Gray, 327; 79 Ind. 4.
Again, in Baldwin v. Atwood, 23 Conn. 367, the court held that the breach of a trust by which certain real estate was held for religious purposes, would not operate to forfeit the estate, but that it was an absolute grant creating a trust, for the purpose specified, to be enforced, if not complied with, by a court of equity, but not followed by forfeiture, or a reverter to the heirs of the grantor.”
And in Brown v. Caldwell, 23 W. Va. 187, the court held: “A grant of land for a consideration to a trustee upon trust that the trustee shall, at all times, permit a certain class to use the land as a common burying ground, and for no other purpose, is not a condition subsequent. The heirs of the grantor cannot recover the granted premises after they have ceased to be used for the purposes declared in the grant, there being no words of forfeiture or re-entry in the grant.”
To create a condition in a grant, apt and,appropriate words ought to be used, or a right of re-entry reserved.
In Raley v. Umatilla County, (Oregon) 13 Pac. Rep. 890, the court say a conveyance made to a county “to have and to hold §the said block of ground with the appurtenances thereto belonging unto said party forever, and said party of the first“ part will warrant and defend the same against all. *358 claims whatsoever to the use and benefit of the party of the second part for the special use and none other of educational purposes, and upon which block shall be erected a college, etc., does not create a condition subsequent.”
The words “ in trust, nevertheless, and upon conditions always ” to use the premises for public worship, in a deed of land to a religious society, do not necessarily create a condition, but may import merely a trust. 109 Mass. 1; 20 Conn. 26.
From these authorities it seems clear that the estate granted to Purcell by Ury and wife, was not an estate upon condition; but that the grantee took an estate in fee-simple, coupled with a trust to hold the same for the use of the Catholics of Columbus, for a burying ground forever.
This being so, there is no forfeiture, nor any reverter of the title. Ury conveyed for a consideration ;. divested himself of his entire title, and by his covenants,.bound himself and his heirs to protect the title in the grantee, his heirs and assigns. He annexed no condition or provision for re-entry, or limitation upon the estate granted. He only created a trust.
But suppose the language of the Ury deed created a condition subsequent; would the fact that the fulfillment of the condition became impossible, work a forfeiture or reversion ?
Chancellor Kent, in his Commentaries (Vol. 4, 130) lays down the doctrine that “if the condition subsequent be possible at the time of making it, and afterwards becomes impossible by the act of God, or of the law, or of the grantor; or if it be impossible at the time of making it, or against the law, the estate of the grantee being once vested, is not thereby divested, but becomes absolute.” See 33 Ohio St. 212.
When the condition subsequent becomes impossible to be performed, it is the condition itself that becomes void, leaving an absolute estate in the grantee. Boone Real Prop. 208.
. A court of equity will never lend its aid to divest an estate for the breach of a condition subsequent, and it has been a question as to how far equity would relieve against subsequent conditions.
*359 IV. The answer also sets up an abandonment of the trust by the trustee, and claims a reversion for the heirs of Ury as a result of such abandonment.
But, as we have already held that the trustee holds an absolute estate — an estate in fee-simple — it follows that no abandonment or other misconduct or maladministration of the trustee will be operative to vest the title in the defendants.
Abandonment would be no greater violation of the trust than misuser, or the appropriation of the trust property to uses not contemplated by the grants; and if this be so, the language of the court in Barclay v. Howell’s lessee, 6 Pet. 507, is not inappropriate:
“ If this ground had been dedicated for a particular purpose, and the city authorities had appropriated it to an entirely different purpose, it might afford ground for the interference of a court of chancery, to compel a specific execution of the trust, by restraining the corporation, or by causing a removal of the obtructions. But, even in such case, the property dedicated would not revert to the original owner. The use would still remain in the public, limited only by the conditions imposed in the grant.” See Webb v. Moler, 8 Ohio, 552.
V. The answer alleges that, by reason of the circumstances surrounding this land, the trust has become impossible of exemption. But the context shows that this is not true.
In Williams v. Pres. Soc. Cin., 1 Ohio St. 496, the court said that the uses declared by the alleged dedication were not impossible of execution, although the facts in that case show a complete and permanent diversion of the trust property — a sale to private parties, and the erection of large and substantial business structures upon property dedicated to public and religious uses.
But if impossibility of execution were shown, it would not avail the defendants, who, as we have seen, have no title to the land, and can acquire no title in virtue of any fact alleged in their answer.
Byrne & O’Neill, for plaintiff in error.
Be Witt G. Jones and S. Hambleton, contra.
VI. The defendants seek, by their cross-petition, the enforcement of the trust, by the removal of the trustee and the appointment of another, and the carrying out of the objects of the trust under the direction of this court.
In this connection they say that said lands are situate in a populous neighborhood, surrounded by business and dwelling houses; that it is unsuitable for, and that it is impracticable to use the same as, a burial ground; and that no fund exists, or has been provided, for the care and maintenance of said lands as a burial ground-; that said lands are the subject of the lien of large assessments for street improvements, and that “ by reason of the facts aforesaid,” said lands have been abandoned as a burial ground, and said trust has been fully executed.
If so, how can the trust be enforced ? Why appoint a trustee, or remove the plaintiff? If it has been fully executed, nothing remains for a trustee to do. He is the repositary of the legal title — a mere dry trustee — charged with no duty. Equity will not decree a vain thing.
Demurrer sustained.