### Duteil v. Mullens.

(Decided October 25, 1921.)

### Appeal from Pike Circuit Court.

1. Frauds, Statute of—Contracts for Sale.—The sale of land must be evidenced by some writing or memorandum signed by the vendor and accepted by the vendee.

2. Frauds, Statute of—Contracts for Sale—Description—Parol Evidence.—The description of land in a writing or memorandum sufficient to take the transaction out of the statute of frauds, must be such as to relieve the court of the necessity of relying on parol evidence to designate the subject of the transaction.

3. Frauds, Statute of—Contracts for Sale—Verbal Contract.—A verbal contract for the sale of land and personal property, which is an entire contract and indivisible, a part of it being unenforcible, the whole must fail.

R. H. COOPER and CHILDERS & CHILDERS for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

The judgment in this action was for the defendant, who is the appellee here, and the plaintiff, who is the appellant here, has appealed. It is gathered from the pleadings, and from a stipulation of facts, upon which the action was tried, that on the 12th day of March, 1919, the plaintiff, by a verbal contract, sold a tract of land and a number of articles of personal property to the defendant, and presumably in consideration of plaintiff's promise to convey the land to defendant and to deliver to him the personal property, the defendant promised, as a partial and first payment on the land and personalty,

to pay the plaintiff the sum of $1,000.00, and pursuant thereto executed and delivered to plaintiff a check on a bank at Pikeville for that sum. Becoming dissatisfied with the contract, or for some other reason, the defendant notified the bank not to pay the check, and accordingly payment was refused. The plaintiff remained in possession of the land and personalty, and is yet in possession of same. There was no writing signed by the plaintiff evidencing the contract for the sale of the land, nor was there any written memorandum relating to the sale except the check, which defendant executed and delivered to the plaintiff. The check was in the usual form and requested the bank to pay to plaintiff the sum of $1,000.00, and in the space upon the check, where a blank usually is, in which the person giving the check may write for what it was given, was inserted the words "as payment on land." The defendant, as a defence to the promise on his part evidenced by the check, interposed the plea that it was without consideration, because it was given in part payment for land, which was sold by a verbal contract to him, and that such a contract was not obligatory, either upon him or the plaintiff, and for that reason he had received nothing, nor had the plaintiff parted with anything, in consideration of the check.

The plaintiff insists that the check was a sufficient memorandum in writing to take the contract out of the statute of frauds. The statute, so far as is necessary to be here considered, is as follows:

"No action shall be brought to charge any person, upon any contract for the sale of real estate . . . unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof be in writing and signed by the party to be charged therewith, or by his authorized agent. . . ." There must in every transaction for the sale of land, be a writing signed by the vendor, as he has been held to be the party "to be charged therewith." Evans v. Stratton, 142 Ky. 615; City of Murray v. Crawford, 138 Ky. 25. A writing evidencing a sale of land makes an obligatory contract when signed by both parties, or when signed by the vendor alone, and is accepted by the vendee. In this case the check is signed only by the vendee, so far as the record demonstrates. Assuming that it was endorsed by the signature of the vendor, the words "as payment for land" in such a writing would not be a sufficient description of the thing sold to take the transaction

out of the statute of frauds. The memorandum required by the statute of frauds to constitute evidence of a sale of land is such a written declaration of the parties that the court will be relieved from relying on parol evidence to ascertain the subject of the contract. The words in the check would afford no means by which the property sold could be designated. Nor would it identify the property. In such case the writing has invariably been held to be insufficient to take the transaction out of the statute of frauds. Campbell v. Preece, 133 Ky 572; Tyler v. Ontz, etc., 93 Ky. 331; Ellis v. Dedman, 4 Bibb 466; Fugate v. Hansford, 3 Litt. 262; Henderson v. Perkins, 94 Ky. 207.

The plaintiff, by a pleading filed nearly six months after the date of the transaction, offers to convey the land, by a general warranty deed, and to deliver the personal property to defendant, and avers his ability to convey a good title, and further avers that he tenders a deed, but the record does not contain the deed which was said to be tendered. This, however, would be unavailing, as a deed, alone, to take the transaction out of the statute would not only have to be signed by the vendor, but would have to be accepted by the vendee. A verbal contract for the sale of land is not obligatory upon either the vendor or vendee, until a writing evidencing the sale, sufficient to satisfy the statute, has been executed by the vendor and accepted by the vendee. Curnutt v. Roberts, 11 B. M. 42; McDowell v. Dunlap, 2 Mar. 33; Murray v. Pate, 6 Dana 357; Lewis v. Grimes, 7 J. J. M. 336; Fite v. Orr's Assignee, etc., 8 K. L. R. 349, 1 S. W. 582; Allen v. Stailey, 119 S. W. 755; Todd v. Finley, 166 Ky. 546; Newberry v. Adams, 92 Ky. 26; Asher v. Brock, 95 Ky. 280. If a vendor, who is not obligated to perform a contract, because it is not in writing and signed by him, could make it obligatory upon a vendee, by tendering him a deed a great time afterward, would certainly be unfair. No legal obligation resting upon him to perform the contract, it should not be obligatory upon the vendee either. A contract which is not obligatory upon either party should not be made obligatory upon both, by the wish of one of the parties alone. The obligation must be mutual. Of course, it is not meant to be held that a verbal contract for the sale of land shall not be executed by the parties, but it is void, because there is no such evidence in existence, as the statute requires, to be made in order to prove it.

It is contended that the promise to pay the $1,000.00 evidenced by the check, being in part a promise to pay for personalty, that it was not without consideration, in part at least, as the sale of personal property was not affected by the statute of frauds. The contract, as alleged, was an entire contract—that is, the land and personal property were sold by one and the same contract. The contract was entire and indivisible. There was no sum fixed as the price of the personalty, separately from the price of the land, so that the sale of one could be held valid and the other invalid. The contract being indivisible, the contract for the sale of the personalty must, also, fail, as the two cannot be separated. An entire contract which is not divisible and part of it is within the statute of frauds, all of it must share the same fate. Holloway v. Hampton, 4 B. M. 415; Grant v. Grant, 38 Amer. St. Rep. 379; Pond v. Sheen, 8 L. R. A. 414; Mauch v. Melton, 64 Ind. 414.

The judgment is, therefore, affirmed.