## Gorman v. Gorman, et al.

(Decided June 12, 1925.)

## Appeal from Perry Circuit Court.

1. Frauds, Statute of—Letter Held Insufficient to Satisfy Statute of Frauds.—Letter written by vendors to purchaser and signed only by them, submitting to purchaser for his approval and acceptance ultimate contract for sale of a coal lease that vendors were willing to execute, held not such a memorandum as would satisfy statute of frauds (Ky. Stats., section 470).

2. Frauds, Statute of—Written Memorandum Must be Delivered and Accepted by Vendee, Under Statute of Frauds, Before Contract Becomes Enforceable.—While written memorandum of contract need be signed by vendor only to satisfy statute of frauds, it must be delivered to and accepted by vendee before contract becomes enforceable by either party.

JESSE MORGAN, F. J. EVERSOLE, J. T. BOWLING and C. F. KELLEY for appellant.

T. E. MOORE, JR., ROGERS T. MOORE and FAULKNER, STAN-FILL & FAULKNER for appellees.

Opinion of the Court by Judge Clarke—Reversing.

This is an appeal from a decree enforcing performance by appellant of an alleged executory contract to purchase an interest in land. The contract, as alleged, is that appellant, on September 26, 1921, orally agreed to purchase of appellees a 50-year coal lease for $10,-750.00, and that on September 27, 1921, appellees executed and delivered to appellant a written memorandum of the transaction, which he accepted. Whether a letter written by appellees to appellant, on September 27, with its enclosures, was such a memorandum of the transaction as will take it out of the statute of frauds (Ky. Stats. 470), is the only question we need to consider or decide. It reads:

"We enclose you two writings, the first an assignment to be attached to the lease and modification thereof, and the second showing the real consideration of the assignment of the lease, which we are sending to you for your approval and ask you please to sign same and send them back to us and we will execute the assignment and sign the other contract and send you a duplicate.

"Yours very truly,

"GORMAN-PURSIFULL COAL COMPANY.
By Perry F. Gorman."

The stated enclosures were unsigned, and appellant had in his possession the original lease referred to in the letter in which the land was particularly described. Hence, as counsel for appellees contend, the enclosures and papers therein referred to fully set forth, not only the subject matter, but also the terms of the contract, which appellees claim was theretofore orally agreed to by all parties. But it is likewise clear that the inclosed and referred to papers do not constitute, either singly or collectively, a memorandum that will satisfy our statute of frauds, since none of them was signed by either party.

The question then is, does the signature of appellee to the letter alone supply that deficiency?

It is possible that the answer to this question might be in the affirmative in jurisdictions where the courts hold that the required memorandum need not possess the quality of mutuality, and is sufficient to comply with their

statutes if only it is signed by one party and with papers therein referred to identifies the subject matter and essential terms of the contract. But whether this is true or not we need not consider, since this court uniformly has construed our statute to mean that while the written memorandum of the contract need be signed by the vendor only, it must be delivered to and accepted by the vendee before the contract becomes enforceable by either party. Duteil v. Mullens, 192 Ky. 616, 234 S. W. 192, 20 A. L. R. 361.

This means, of course, that in this state the memorandum must acquire the element of mutuality before it can animate the proscribed verbal contract, and this necessarily involves the intention and purposes of the parties as expressed in the delivered and accepted instrument.

It is therefore clear that our answer to the question stated above necessarily depends upon the intention and purposes of appellees as set forth in the letter, since obviously appellant could not, by merely retaining possession of it and its enclosures and refusing to comply with its terms, as he did, have bound appellees, or intended to bind himself, beyond or contrary to the terms of the letter, which alone was signed and purported to define appellees' purpose and intention by mailing to appellant the letter and its contents.

The letter is too clear to admit of doubt as to its character, purpose, or meaning. It simply submits to appellant for his approval and acceptance the ultimate contract appellees were willing to execute, and which the evidence shows was prepared by their attorneys at their direction, in appellant's absence.

Hence the letter with its enclosures is a proposal to contract upon stated terms and conditions, and cannot possibly be construed as having been tendered or accepted as a written memorandum or evidence of a consummated executory contract within the contemplation of either party, or the meaning of our statute, without ascribing to it a meaning and purpose contrary to its plain and unambiguous terms.

This does not mean, of course, that correspondence through letters or telegrams, or both, will not satisfy our statute if a contract and its essential terms are thereby shown, but only that there was no correspondence be-

tween the parties here showing that they had ever contracted at all.

Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the petition.