## Trustees of Lone Oak Graded School District v. Gentry, County Superintendent, et al.

(Decided June 24, 1927.)

### Appeal from McCracken Circuit Court.

1. Contracts.—The law does not favor forfeitures.
2. Deeds.—Provisions in deed or will relating to forfeitures are strictly construed.
3. Deeds.—Conditions are imposed only by express terms of instrument, or by necessary implication from language used.
4. Deeds.—Unless it clearly appears that it was intention of parties to create a conditional estate, title will vest in grantee.
5. Schools and School Districts.—Where deed by school district to county school board, in consideration of grante's maintaining school in building located on ground transferred, did not provide for a forfeiture or reversion to grantor in event property ceased to be used for school purposes, the fee to such property vested

EATON & BOYD for appellant.

HOLLAND BRYAN for appellees.

Opinion of the Court by Judge McCandless— Affirming.

This is an action under the Declaratory Judgment Act (Acts 1922, c. 83) for the construction of a deed executed on the 1st day of May, 1920, by the board of trustees of the Lone Oak graded school in which they conveyed a tract of land and the building thereon to the McCracken county school board, the consideration being stated in these words:

> "That for the consideration of the following, to wit: That the said McCracken county school board keep and maintain a graded and high school in the building located on the ground hereinafter described did transfer," etc.

The case was submitted on agreed stipulation of fact, substantially as follows: The grantors in the deed had a valid fee-simple title in the property and had theretofore conducted a graded and high school in the buildings mentioned. The conveyance was made in conformity with an order of the graded school board accepting a proposition from the county board to take over the property and maintain the school. The county board carried out its contract faithfully until the month of November, 1926, when the building was destroyed by fire. The lot in question faced the public highway. After the board of education accepted the property the population of the community increased rapidly and the highway was improved and became a boulevard running out of Paducah, with a great amount of travel thereon. This increased the hazard to children and rendered the property undesirable for school purposes, though it was very valuable for residence sites. The school board desires to erect a more commodious building and for this purpose has selected other grounds a short distance from the highway, which is less hazardous to pupils and more suitable for school purposes and can be purchased at a price less than the value of the lot in question. It is now proposing to sell this lot and invest the proceeds in a new building. Being uncertain as to whether it can convey a good title to purchasers, it filed this action against the members of the former board of graded school trustees to determine this question, both parties being in accord.

It will be observed that there is no provision in the deed for a forfeiture or reversion to the grantor in the event the property ceases to be used for school purposes. There are no technical words applicable to a conditional estate, and there is nothing to indicate an intent that the land shall revert to the grantors if the obligation is not performed. The law does not favor forfeitures, and provisions in a deed or will relating thereto are strictly construed. In line with this rule, it is well settled that conditions are imposed only by the express terms of the instrument, or by necessary implication from the language used, and unless it clearly appears that it was the intention of the parties to create a conditional estate the title will vest in the grantee. See L., H. & St. L. Ry. Co. v. Baskett, 104 S. W. 695, 31 Ky. Law Rep. 1035; Id. (Ky.) 121 S. W. 957; L., A. & P. V. Ry. Co. v. Whipps, 118 Ky. 121, 80 S. W. 507, 25 Ky. Law Rep. 2312, 4 Ann. Cas. 996; Elkhorn & Beaver Valley Ry. Co. v. Dingus, 187 Ky. 817, 220 S. W. 1047; Packard v. Ames, 16 Gray (Mass.) 327; Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. Rep. 59; Supervisors of Warren County v. Patterson, 56 Ill. 119; 10 R. C. L. p. 664. Such provisions in conveyances for charitable purposes are usually held to create a trust which may be enforced by a court of equity. Stanley v. Colt, 5 Wall. 119, 18 L. Ed. 502; Barr v. Weld, 24 Pa. 84; Mills v. Davison, 54 N. J. Eq. 659, 35 A. 1072, 35 L. R. A. 113, 55 Am. St. Rep. 594; Brown v. Caldwell, 23 W. Va. 187, 48 Am. Rep. 376; Baldwin v. Atwood, 23 Conn. 367; Strong v. Doty, 32 Wis. 381; Perry v. McEwan, 22 Ind. 440.

The Kentucky cases cited, supra, were conveyances to railroad companies for the purpose of erecting stations and depots. In each instance it was held that the fee vested but a right of action given for damages. In this case it is clear that the fee vested. It is, further, clear that the county board of education is carrying out its obligation to furnish a graded and county high school in accordance with the contract, and, even were the district complaining, which it is not, it could have no cause of action either in equity or for damages.

Wherefore, perceiving no error, the judgment is affirmed.