## Cox, et al. v. Stamper.

(Decided November 11, 1927.)

### Appeal from Wolfe Circuit Court.

1. Appeal and Error.—In action on mortgage note and tax bills to collect them and to foreclose lien securing them, where, after proof was taken and case had been submitted for judgment, but before judgment was entered, heirs other than defendant filed answer setting up vendor's lien on land; in absence of their objection to condition imposed by court that filing such answer should not delay trial of case, and that it be controverted of record, it will be presumed on appeal that they acquiesced therein.

2. Frauds, Statutes of.—Where alleged contract of sale of land was oral, vendor's signing deed and tendering it to purchaser who refused to take it did not take contract out of statute.

3. Judicial Sales.—Under Civil Code of Practice, sec. 694, subsec. 3, as amended by Acts 1916, c. 105, in suit by holder of mortgage note and tax bills to collect them and to foreclose lien securing them, ordering sale of property before passing on validity of inferior liens whose owners filed answer after case had been submitted for judgment was not error.

E. C. HYDEN, and LEEBERN ALLEN for appellants.

S. M. NICKELL and A. F. BYRD for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In 1908 the appellant J. W. Cox and his wife mortgaged a farm he owned in Wolfe county, Ky., to the Farmers' & Traders' Bank of Campton, Ky., to secure it in a loan of $4,000 made to him by it at that time. Cox thereafter conveyed this farm to his father, who later died intestate. The land subject to the mortgage descended to the children of appellant's father, among whom, of course, was the appellant. The appellant made payments on the mortgage note from time to time. In 1924 there was yet due on it a little in excess of $700. There is a dispute as to whether this balance of $700 contained any usury or not. The appellant also owed the bank at this time for taxes paid for a number of years on this farm by it. His entire indebtedness to the bank amounted in 1924 to about $1,100. Appellant also was indebted at this time to the appellee in a sum in excess of $500 on account of other matters. With affairs in this state, the appellant says that he agreed to sell and convey to the appellee a certain portion of this farm, and in consideration thereof the appellee was to pay the bank what the appellant owed it, and was to cancel any indebtedness which the appellee held against the appellant. Pursuant to the contract as thus claimed by him, and which he admitted was verbal, appellant prepared a deed which he later tendered to the appellee, and which the appellee declined. On the other hand the appellee says that the appellant requested him to help him sell a part of this farm to a man by the name of Quillie Barker for the sum of $1,600, promising that, if the appellee would do so, and Barker bought the land, that all that he (the appellant) received above the bank's debts should be paid to the appellee on his debt. The appellee says that he agreed to this. It was known to all at this time that Cox did not have a clear title to the farm. In 1917 he had bought from the other heirs of his father the interests they had inherited in this farm, but, as some of these heirs were infants, they were, of course, unable to give him a deed for their interests. It was understood, however, that a suit should be instituted to clear the title so as to carry out the trade. We thus see that the parties are at odds as to just what the agreement was. After negotiations, whatever they were, had been started between the appellant and appellee, the latter did buy from

the bank the note and tax bills which it held against the appellant. Later the appellee brought suit on this mortgage note and tax bills to collect them and to foreclose the lien securing them. The defense interposed by the appellant was the agreement as contended for by him. The appellee, in addition to his traverse of such agreement, also interposed the plea of the statute of frauds.

After proof was taken and the case had been submitted for judgment, but before a judgment was entered, the other heirs of the appellant's father who had sold appellant their interests in the farm filed their answer, setting up the fact that they held a vendor's lien to secure them in the sale price of their interests to the appellant, which sale price had never been paid. This answer expressly admitted that the lien asserted by these heirs was inferior to the lien of the appellee. This answer was filed in vacation long after the time when it should have been filed, and long after the submission of the case for judgment. At the next term of court the appellee moved to strike this answer from the record. The court overruled such motion, and permitted the answer to be filed, on condition that its filing should not delay the trial of the case, and that it be controverted of record. We find no objection on the part of the heirs who are also appellants on this appeal to such condition attached to the filing of their answer, and so it must be presumed that they acquiesced therein. The court gave judgment to the appellee for the debts sued on by him, ordered the farm, or so much thereof as was necessary, be sold to pay such debts, and continued the case for the trial of the issues raised by the other heirs. The appellant Cox and these heirs all appeal.

We are informed in brief that the trial court held that the agreement pleaded by the appellant Cox was within the statute of frauds, as it was a contract to sell land, and was verbal. To meet this, Cox insists that, as he had signed the deed and tendered it to the appellee, this constituted a written memorandum taking the case outside the statute, since he was the vendor, and under our interpretation of the statute only the vendor needs to sign such memorandum. However, in the case of Gorman v. Gorman, 210 Ky. 65, 275 S. W. 366, we said:

"This court uniformly has construed our statute to mean, that, while the written memoran-

.dum of the contract need be signed by the vendor only, it must be delivered to and accepted by the vendee before the contract becomes enforceable by either party.''

In the present case no written memorandum of any agreement between the appellant Cox and the appellee was ever delivered to, and accepted by, the appellee Stamper, which, being true, the verbal agreement as claimed by Cox clearly fell within the statute, and hence is unenforceable. The lower court, therefore, did not err in adjudging that the agreement pleaded by Cox was no defense to the appellee's cause of action.

The other appellants are complaining because the court ordered a sale of the property in question before passing upon the validity of their liens. As stated, these liens were acquired by them in 1917. They were conceded to be inferior to appellee's lien. Waiving the fact that the heirs were permitted to file their answer at the late date they did, on condition that they would not delay the trial of the case, we find that, by section 694, subsec. 3, of the Civil Code, as amended in 1916 (Laws 1916, c. 105), the action of the trial court, in ordering the sale of the property to satisfy appellee's lien it did, was fully justified.

There being no error in the judgment of the court, it is affirmed.