## Fairchild et al. v. Fairchild et al.

(Decided March 3, 1931.)

GEORGE B. MARTIN and JOHN L. SMITH for appellants.

WALTER R. PRATER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

L. G. Fairchild and Dora Fairchild were grantees in a deed, the caption of which reads:

"This deed of conveyance, made and entered into this the 9th day of March, 1907, between Allen Jackson and Nancy Jane Jackson his wife of the County of Magoffin St. of Ky., parties of the first part, and L. G. Fairchild and Dora Fairchild and their heirs and L. G. Fairchild's heirs of the same County and State parties of the second part."

Since the execution of this deed, L. G. Fairchild has died survived by Dora Fairchild, as his widow, and the following children and heirs at law: Nora Patrick, Nettie Caudill, Virgie Patrick, B. F. Fairchild, Ida Kazee, Herchel Fairchild, and Homer Fairchild, the three last named having been born to him by Dora Fairchild, and the others having been born to him by a former marriage. These children and heirs of L. G. Fairchild have, since his death, conveyed to his widow, Dora Fairchild, all their interest in and to the surface of the lands conveyed by the deed in question, but did not convey the oil and gas rights therein. The land has been leased for oil and gas and a producing well has been drilled and further development is under way.

B. F. Fairchild in a suit against the widow and against the other heirs of L. G. Fairchild has asked for a construction of the deed, his contention being that the deed names as grantees "L. G. Fairchild and Dora Fairchild and their heirs and L. G. Fairchild's heirs;" and that under it L. G. Fairchild and Dora Fairchild took only a life estate with remainder to their several children. In other words, that the words "their heirs and

L. G. Fairchild's heirs," as used in the caption of the deed, are words of purchase and not words of limitation.

By her separate answer, Dora Fairchild makes an issue and alleges that the words "their heirs," etc., are words of limitation and that under this deed she and her husband became the joint owners in fee of the tract of land therein described.

In the court below, the attorneys made the following stipulation:

> "It is agreed and stipulated as a part of the record in this case, that L. G. Fairchild had two sets of heirs; that previous to his marriage to the defendant, Dora Fairchild, he had been married and by this marriage had the following named children: Nora Patrick, wife of Jack Patrick, Nettie Caudill, wife of W. H. Caudill, Virgie Patrick, wife of Sam J. Patrick, and the plaintiff B. F. Fairchild. That his first wife died and he then married Dora Fairchild, the defendant, and there was born to this marriage the following named children: Ida Kazee, wife of Powell Kazee, Herschel Fairchild and Homer Fairchild, and that all of said heirs were living on the 9th day of March, 1907, when the deed from Allen Jackson in question was executed, and are now living and are parties to this action.

> "This October 3rd, 1928."

The cause was submitted upon the pleading, exhibits, and this stipulation.

The chancellor adjudged Dora Fairchild to be the owner of an undivided one-half interest in fee simple in the tract of land described in the petition and the deed filed therewith as an exhibit, and that in addition thereto that she was entitled, as the widow of L. G. Fairchild, to a homestead or dower, as she may elect, in the remaining one-half thereof.

The tract of land conveyed by the deed in controversy contained fifty acres, more or less, and the recited consideration was $525.

In the granting, habendum, and warranty clauses in the deed, the common expression "their heirs and assigns" is used, and but for the rather unusual reference to the heirs of grantees L. G. Fairchild and Dora Fairchild in the caption of the deed there would be no difficulty whatever in determining that L. G. Fairchild

and Dora Fairchild took a fee simple title under the deed.

The attorneys for the respective parties have filed splendid briefs and have fortified their respective positions with numerous authorities.

The cardinal rule of construction is to arrive at the intent of the grantor in the light of the instrument considered as a whole, and the intent as expressed in this deed leaves little doubt as to the correctness of the construction placed upon it by the chancellor; but if the language of the instrument should admit of two constructions, one indicating a fee and the other a life estate, then it would be the duty of the court to adopt that construction favoring a fee. See Wilson et al. v. Woodward, 190 Ky., 330, 227 S. W. 446; Belcher et al. v. Ramey et al., 173 Ky. 784, 191 S. W. 520, and the cases cited in those opinions.

Judgment affirmed.