Ella H. HOLBROOK, Individually and Representative of a Class, Namely, the Heirs of William E. Lovvorn, Deceased, Appellants,

v.

BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, a Corporation, Appellee.

Court of Appeals of Kentucky.

March 29, 1957.

Vincent J. Hargadon, Arnold J. Lemaire, Louisville, for appellants.

Lucian L. Johnson, Louisville, for appellee.

CULLEN, Commissioner.

The heirs of William E. Lovvorn brought action against the Jefferson County Board of Education seeking to be awarded title to and possession of a small tract of land which Lovvorn had deeded to the board of education in 1915. The heirs claimed that under the terms of the deed a forfeiture would result if the board failed to continue to operate a school on the land, and that when the board discontinued the school in 1955 the land reverted to the heirs. The trial court held that the board had acquired a fee simple title. The heirs appeal from the judgment.

The 1915 deed, which contained a number of provisions with respect to use of the property for school purposes, conveyed a tract of four acres. A school was erected in 1917 on a portion of the tract, and thereafter the school was conducted continuously until 1955, when it was discontinued in favor of a consolidated school in the area. In 1923 a 1.29 acre portion of the original tract had been deeded back to Lovvorn, and he had conveyed to the board a parcel of equal size adjoining the original tract on the south. The 1923 deed contained no limitations as to use of the parcel conveyed.

The provisions in the 1915 deed upon which the heirs rely are as follows:

"Provided, However, That if no school house is erected upon said property herein conveyed, and no school maintained in such house by second party, before the expiration of five years from the date of this deed, then said second party shall, upon demand of the first party, his heirs, successors or assigns, reconvey said property without consideration to said first party, his heirs, successors or assigns. But if a school house is erected on said property within said period of five years, and a school maintained thereon by second party, then said property shall be and remain the property of second party, in fee simple, without right upon first party, his heirs, successors or assigns, to ask or have a reconveyance.

"Second party covenants for its successors and assigns that said property shall be used solely for school purposes for white children, provided, however, that said covenant shall not be deemed to prevent the proper school authorities themselves holding or consenting that others may hold in and on said property herein conveyed, either social, educational, political or religious gatherings, so long as said second party, its successors and assigns is maintaining said property for school purpose for white children. This covenant of second party is made to and for the benefit of the party of the first part, his heirs and devisees and to and for no other person or parties whatsoever."

In attempting to arrive at a proper interpretation of the admittedly ambiguous provisions of the deed we think it must be kept in mind that the law does not favor forfeitures and that a deed will not be construed to create a conditional estate unless the language clearly evinces such an intent. Trustees of Lone Oak Graded School District v. Gentry, 220 Ky. 703, 295 S.W. 1063.

A close examination of the deed discloses that the only express provision for a reconveyance of the property is in the first sentence above quoted, and that the

condition of reconveyance is failure to erect *and maintain* a school "before the expiration of five years from the date of this deed." The second sentence not only does not call for a reconveyance or forfeiture, but on the contrary seems to contemplate that as of a *definite date* the title shall vest in the school board in fee simple. The only definite date that could operate as the contemplated vesting date would be the date of expiration of the five-year period.

It is true that in the second sentence the reference to *maintaining* the school follows the mention of the five-year period, but there is no provision that the school shall be maintained "forever" or "always," and there seems no alternative but to relate the duty to maintain to the five-year period, as in the first sentence.

■■ We think a reasonable construction of the second paragraph of the deed is that it specifies *how* the school shall be operated, rather than directing the period of time for which the school shall be maintained. However, even if this paragraph should be construed as requiring continued operation of a school without limitation of time, we could not read into it a condition of forfeiture. See Hodges v. Edmonson County Board of Education, Ky., 256 S.W. 2d 514; Trustees of Lone Oak Graded School District v. Gentry, 220 Ky. 703, 295 S.W. 1063.

■ Some significance may be attached to the fact that when the 1.29 acre parcels were traded in 1923, Lovvorn's new deed did not contain any limitations or restrictions concerning use of the property. This is an indication that he felt his wishes had been accomplished by the erection and opening of the school within the initial five-year period.

It is our opinion that the trial court correctly adjudged that the board of education now has a fee simple title.

The judgment is affirmed.