**Charles DENNIS and Jeanna Johnson, Co–Guardians of the Estate of Glenda Dennis Rucks, Appellants,**

v.

**Herbert H. BIRD, Appellee.**

**No. 95–CA–0138–MR.**

Court of Appeals of Kentucky.

March 28, 1997.

---

Kenneth V. Anderson, Jr., Paducah, for appellants.

Michael W. Hogancamp, Bardwell, for appellee.

Before WILHOIT, C.J., and KNOPF [1] and SCHRODER, JJ.

1. Judge Johnstone originally was the presiding judge, but with his election to the Supreme

SCHRODER, Judge.

Charles Dennis and Jeanna Johnson, as co-guardians of Glenda Dennis Rucks' estate, appeal from a Carlisle Circuit Court summary judgment enforcing an option contained in a deed to repurchase real property. We find no error and affirm.

In May of 1977, Herbert and Maxine Bird purchased a 113–acre farm from Rayford Blackburn and others. On the same day, the Birds conveyed a one-acre tract, contained within the original farm property, to Rayford and his daughter, Glenda Dennis (Rucks), as joint tenants with rights of survivorship. We note that Glenda was *not* one of the grantors of the 113–acre farm.

The Bird–to–Blackburn/Dennis (Rucks) deed contained the option to repurchase the property for $400.00 in the event Rayford Blackburn and Glenda Dennis ceased to live upon the described premises or were desirous of selling. The deed was signed by the grantors, the Birds. Neither Blackburn nor Dennis (Rucks) signed this deed.

Prior to this action, Rayford died, vesting Glenda with the entire interest in fee simple. In September of 1993, Glenda was declared totally incompetent with respect to her affairs, and she has ceased to live on the property. Dennis and Johnson, appellants herein, were named co-guardians by the McCracken County District Court.

On June 1, 1994, Herbert Bird tendered a $400.00 check to the appellants to exercise the option. The appellants refused to tender the property, and Bird sued for specific performance of the option agreement. The circuit court granted summary judgment in Bird's favor and ordered the appellants to convey the property to Bird in specific performance.

The appellants present two issues for appeal. One is that the option violates Kentucky's Statute of Frauds, KRS 371.010. The only instrument submitted by Bird to evidence the option was the General Warranty Deed from the Birds to Blackburn and Dennis (Rucks). The appellants contend that, because the deed is not signed by either Blackburn or Dennis (Rucks), the option is not signed by the "parties to be charged" and is unenforceable per KRS 371.010(6). We do not agree.

One of the grantors in the deed reserved an option to repurchase the property, or a power of termination. The facts of this case present a future interest problem worthy of a law school exam. What interest was conveyed by the original deed? We start with the premise that the grantors (O) owned a fee simple absolute in a freehold estate, a 113–acre farm. By general warranty deed, a conveyance of some interest was made of one acre (blackacre), to Glenda Dennis (A) and Rayford Blackburn (B) as joint tenants with rights of survivorship. The language of the deed says "[a] fee simple title . . . ." Following the legal description is a reservation of an easement and another reservation or option to repurchase:

> It being hereby mutually covenanted and agreed by and between the parties hereto that in the event the parties of the second part, Rayford Blackburn and Glenda Dennis, cease to live upon the hereinabove described premises or are desirous of selling the same that the party of the first part, Herbert H. Bird, shall be given the first and prior option to purchase the same at the price of Four Hundred Dollars ($400.00).

What estate was being conveyed to A & B—a life estate, a fee simple determinable, or a condition subsequent? Does O have a reversion, a possibility of reverter, or a power of termination/right of re-entry?

 We know from *Phelps v. Sledd,* Ky., 479 S.W.2d 894 (1972) that construction of a deed is a matter of law, and that the intentions of the parties are to be gathered from the four corners of the instrument. *Sherman v. Petroleum Exploration,* 280 Ky. 105, 132 S.W.2d 768, 771 (1939) adds: "The entire instrument is to be considered in the light of attendant circumstances . . ." and "[n]o clause or word in a deed was used without meaning or intent." We also know from *Transylvania University v. Rees,* 297 Ky. 246, 179 S.W.2d 890 (1944) that rever-

Court, Judge Knopf was substituted on March 6, 1997, with Judge Schroder presiding.

sions, remainders, and other future interests may be reserved in a deed without the necessity of a grantee signing off. *See also Slone v. Kentucky West Virginia Gas Co.*, 289 Ky. 623, 159 S.W.2d 993 (1942). This is not a conveyance back to O, but a conveyance of less than the fee simple absolute by O to A & B. *See Thurman v. Hudson*, Ky., 280 S.W.2d 507 (1955). As such, there is no Statute of Frauds (KRS 371.010(6)) problem with the grantees not signing the deed. Acceptance of a deed of less than a fee gives the grantees only that interest conveyed, with a reversion, etc. in O. The Statute of Frauds deals not with reversions but contracts or options *back* to O. *Id.*

▇▇▇ Nor is there a problem with the rule against perpetuities (codified as KRS 381.215) which requires that in order to be valid, an interest in property must necessarily vest in interest within a period measured by 21 years following the termination of lives in being at the time of creation of the interest. A reversion in O, as well as the possibility of reverter, power of termination/right of re-entry are all vested interests (although not vested in possession) at the time of creation. *See* Thomas F. Bergin & Paul G. Haskell, *Preface To Estates In Land And Future Interests*, Ch. 3 (1966); and 1 *American Law of Property* § 4.16 (A.J. Casner ed.1952). The "rule against perpetuities" and the "doctrine of worthier title" apply to remainders, that is, in cases in which O doesn't convey the entire fee simple absolute but holds back something for a third party, not himself. *Id.* at section 4.26, page 454–5. Even if we were dealing with a remainder [2], both A and B were lives in being at the time of creation and the "wait and see doctrine" (codified as KRS 318.216) would have no application.

▇▇▇ With the foregoing, we look at the four corners of the deed and say that O did not intend to get the property back automatically after the deaths of A and B, so a life estate in A & B with a reversion in O was not intended. *See Fairchild v. Fairchild*, 237 Ky. 700, 36 S.W.2d 337 (1931). That leaves a fee simple of some sort. Would it automatically terminate if A & B moved or wanted to sell (fee simple determinable with a possibility of reverter), or would O have to take affirmative action to enforce his right (fee simple on condition subsequent with a power of termination/right of re-entry)? We believe the requirement that O pay $400.00 manifests an intention to require O to take affirmative action to enforce his interests. Therefore, a fee simple on condition subsequent was intended to be conveyed to A & B with a power of termination/right of re-entry in O.

▇▇▇ Since O reserved a right of re-entry, there is no restraint on alienation of property for less than market value as appellants contend. Again, that concept presupposes that a fee simple absolute was conveyed to A & B with a subsequent option back to O. This never happened. O kept his right of re-entry from the very beginning. Appellants are confusing deeds with options to purchase. Whether the rights retained by O discourage A & B from making improvements, etc. is also of no consequence nor inequitable. We have long recognized life estates and their automatic termination without the need to compensate the life tenants, heirs or estate for improvements. *See Holbrook v. Board of Ed. of Jefferson County*, Ky., 300 S.W.2d 566 (1957). Indeed, a whole body of law exists which defines what repairs, improvements, waste, etc. can or even must be done by a life tenant and the rights and remedies of remaindermen. The rights of O as a holder of the right of re-entry are similar. *Id.*

Therefore, we affirm the judgment of the Carlisle Circuit Court.

KNOPF, J., concurs.

WILHOIT, C.J., concurs in result and files a separate opinion.

WILHOIT, Chief Judge, concurring in result.

I concur in the result reached by the majority but do not agree that we are dealing with a right of re-entry in this case. The deed from Mr. and Mrs. Bird to Mr. Dennis

---

2. Some may argue that since the reversion is being retained by only one of the grantors, there is no identity of O and what is retained is a remainder, not a reversion.

and his daughter created nothing more than an option, personal to Mr. Bird, to repurchase upon certain conditions being met. The agreement which is being enforced is that contained in the deed. The law is well-settled in this jurisdiction that the grantor in a deed, not the grantee, is, for purposes of the statute of frauds, the "party to be charged." *See City of Murray v. Crawford,* 138 Ky. 25, 127 S.W. 494 (1910); *Duteil v. Mullins,* 192 Ky. 616, 234 S.W. 192 (1921). Once the grantee accepts the deed he, as well as the grantor, is bound by the agreement of the parties as set out therein. *Id.* The grantees in this case can no more escape their agreement for an option than grantees in a deed accepted by them could escape their agreement to pay the consideration as recited in the deed simply because they had failed to sign it.

Since we are dealing only with an option personal to Mr. Bird, the rule against perpetuities is not violated.