# Duncan v. Allender, &c.

APPEAL FROM PENDLETON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

PLEADING—SUBMISSION SET ASIDE TO PERMIT AMENDMENT—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ESTOPPEL—PROSECUTION OF APPEAL AND OF ACTION FOR NEW TRIAL AT SAME TIME.

Held:  1. In an action for new trial, it was not an abuse of dis-cretion to set aside the submission, and permit plaintiff to amend his petition by making the record in the original action a part thereof.

2. Newly discovered evidence consisting of a written agree-ment which supported plaintiff's contention that defendant was estopped to make the defense which the court had held to be sufficient to defeat plaintiff's action entitled plaintiff to a new trial.

3. M. and A. signed a writing reciting that M., in consideration of $500, had sold to D. all the interest in a tract of land described which he had acquired by virtue of a bankrupt sale, and that it was agreed that A., the bankrupt, "covenants to the confirma-tion of the bankrupt sale, and asks that this sale be made to the said D. at the said $500." In an action on a note executed by A. to D. for a part of the $500, D. contended that he ad-vanced, the money to pay A.'s debt to M. upon a distinct agree-

ment that the bankruptcy sale to M. should be confirmed, and a deed to D. obtained, and that A. and wife should accept a conveyance from D., and repay to him the money he had advanced to redeem the land from M. Held that, unexplained, this state of affairs estops A. from pleading want of consideration for his note because of the fact that the bankrupt sale had been set aside.

4. A party who has been defeated in an action may prosecute an appeal and an action for a new trial at the same time, where the ground upon which he seeks a new trial is one of which he could not avail himself on the appeal.

LESLIE T. APPLEGATE, FOR APPELLANT.

(No brief in record.)

BARKER & FOSSET, FOR APPELLEES.

This is a proceeding for a new trial to review the case of the same style now in this court, numbered 233—Duncan is the appellant in both cases; the court below having dismissed both proceedings.

1. The original petition in this case does not state a cause of action because it does not refer to or make part of it, the suit in which the new trial is sought. Nor was this done by the proof. Weir v. Weir, 19 R., 2005.

2. On this petition the issues were made up, proof taken, and cause submitted. After submission the court on appellant's motion and over appellee's objection set the submission aside and allowed appellant to cure the defect in the petition. We think this was error.

3 At the time this suit was brought, case No. 233, had been tried below, and was pending in this court on appeal. The law provides for no appeal from a judgment granting a new trial. Appellant was seeking a new trial here and in the court below at the same time, therefore, he had two actions pending in different courts at the same time, between the same parties. This was ground for special demurrer, Civil Code, section 92, subsection 3. The demurrer was properly presented by answer. Civil Code, section 118. The court dismissed the action.

4. It is an unusual thing for a court to grant a new trial on newly discovered evidence. The practice gives great opportunity for the unsuccessful party to manufacture new testimony to meet the necessity at hand.

5. We submit that the paper relied on in this case for a new trial had no bearing on the issue in the other case, and would not have changed the result had it been produced in evidence.

AUTHORITIES CITED.

Weir v. Weir, 19 R., 2005; Kennedy v. L. & N. R. R., 21 R., 532; Civil Code, sec. 92, sub-sec. 3; sec. 118, Wells v. Phillips, 4 Bibb, 563; Chambers v. Chambers, 2 Mar., 348; Fleet v. Heler-camp, 13 B. Mon., 220; Berry v. Barnham, 3 R., 756; Mercer v. Mercer, 87 Ky., 21; Houston v. Kidwell, 12 R., 386; Morehead v. Morehead, 16 R., 34; Hensey v. Hensey, 92 Ky., 164.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

This was a petition for a new trial of the case of Duncan v. Allender (this day decided) 62 S. W., 850. After submission of this proceeding, the court set aside the submission, and permitted appellant to amend his petition by referring to and making the record in the original suit a part of his petition in this proceeding. This was not an abuse of judicial discretion. The newly-discovered evidence alleged was a written agreement discovered since the judgment, the material parts of which are as follows: "Know all men by these presents, that we, Markley Bros., for and in consideration of the sum of five hundred dollars, have this day sold to Dan'l. Duncan all of the right, title, and interest we receive in the following described tract of land . . . by virtue of a bankrupt sale of said land. It is also agreed and understood that Wm. Allender covenants to the confirmation of the bankrupt sale, and asks that this sale be made to the said Dan'l. Duncan at the said five hundred dollars. Markley Bros. agreeing to transfer the title they receive from the bankrupt court to the said Duncan. The same being the land originally owned by Wm. Allender and sold in the bankrupt court, and Markley Bros, became the purchasers thereof. In witness whereof, we have hereunto set our hands this 26th day of November, 1879. Markley Bros. Wm. Allender." The answer of the Allenders admits that the agreement appears to have been signed by William Allender, but avers

that he has no recollection of it, and that, if he signed it, he did not understand its contents.   This paper, the sign-ing of which is admitted, supports the contention of Dun-can that he advanced the money to pay Allender's debt to Markley Bros. upon a distinct understanding and agree-ment that the bankruptcy sale to Markley should be con-firmed, a deed to Duncan obtained, and that the Allenders should accept a conveyance from Duncan, and repay to Duncan the money advanced by him to redeem the land from the Markleys.   Unexplained, this state of affairs would constitute an estoppel against Allender to prevent a plea by him of no consideration because of the fact that the assignee's sale was set aside.   All that is decided upon this branch of the case is that the showing was sufficient to entitle Duncan to a new trial of the original case.

But it is objected that Duncan could not at the same time prosecute an appeal from the judgment in the orig-inal case in this court, and a proceeding for a new trial of the same case.   This objection is not well taken. The ground upon which the new trial is sought in this proceeding is one which could not be taken advantage of on the appeal in the other case.   Under the old practice by bill of review, for which the Code has substituted the present proceeding, the books show frequent cases of the pendency of appeals at the same time that bills of review were being prosecuted upon grounds which could not have been considered upon the appeals.   In Lewis v. Morton, 6 T. B. Mon., 138, in an opinion by Chief Justice Bibb, there is presented an interesting case of this character.   The original judgment was reversed by this court, but while that case was pending here a bill of review was prose-

cuted upon the ground of newly-discovered evidence, decided adversely to the complainant, and an appeal prosecuted from that decision. It was held that the bill of review was but an incident; that as the original judgment had been reversed, and a new judgment entered in the lower court, the bill of review was of no importance; wherefore, it was ordered that the decree upon the bill of review should be reversed, with directions to dismiss the parties. See, also, McLean v. Nixon, 18 B. Mon., 775. Wherefore, the judgment is reversed, with directions to decree a new trial in the original case, permitting the parties to amend their pleadings if they so desire, and for further proceedings consistent herewith. The reversal in the original case does not affect the question of a lien on the land.