## Goddard, et al. v. Latta

(Decided February 28, 1913.)

### Appeal from Mercer Circuit Court.

**New Trial**—Newly Discovered Evidence—Production of Controlling Effect Upon Verdict—Error in Refusing New Trial.—While it is the policy of the law not to grant new trials upon unsatisfactory evidence, where the newly discovered evidence is written, stable and certain in its nature, and goes to the very root of the controversy, and its production upon the trial would have had a controlling effect upon the verdict, reasonable diligence being shown to produce it, it was error to refuse the new trial.

E. H. GAITHER, for appellants.

R. W. KEENON, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee instituted this action against appellants for damages for their alleged failure to comply with the terms of a written contract between them dated January 6, 1912.

It was a rent contract in writing, and was prepared in duplicate, all parties signing each duplicate.

Appellee filed with his petition his duplicate of the rental contract wherein it is shown that the lands rented by him from appellants are described as follows, to-wit: "A portion of their land known as the McGoffin farm & lying on the Bellows Mill pike & bounded as follows: On the South by the Bellows Mill pike, on the East by land of said 1st parties (appellants) containing a field of about 65 A adjoining Wayne Watts & the R. R., on the North by the R. R. & the land of Collins Sumrall, & on the West by the grass pasture of said 1st parties & D. L. Moore's land. Said tract rented by said Latta contains four fields & the woods & the lots adjoining the house known as the Preston house."

In their answer appellants denied that they rented to appellee any house, or that any house was embraced in said contract. It appears that appellee had paid appellants $200.00 on the contract. Upon a trial appellee received a verdict for the return of his $200.00 and in addition $50.00 in damages.

On the trial appellants failed to produce their copy of the written rent contract and claimed that same was lost, and that after diligent search they had been unable to find it; but before the original motion and grounds for a new trial were acted upon, they did find it; and they then filed additional grounds for a new trial, and filed therewith their copy of the contract and the affidavit of one of them disclosing that the same had just been discovered in this way: That appellant, R. E. Goddard, who had possession of the same had recently sent an old suit of clothes to be cleaned or repaired, and that the cleaner or repairer had found in the pocket of the suit the copy of the contract, and he had just recovered the same.

We have before us on this appeal both of the original copies of that contract, and the one filed by appellants describes the land rented to appellee as follows:

"A portion of their land known as the McGoffin farm & lying on the Bellows Mill pike and bounded as follows: On the South by the Bellows Mill Pike, on the East by the land of said 1st parties containing a field of about 65 A adjoining Wayne Watts & the R. R. On the North by the R. R. & the land of Collins Sumrall & on the West by the grass pasture of said 1st parties & D. L. Moore's land. Said tract rented by said Latta contains four fields & the woods & the lots adjoining the house known as the Preston house."

It is the contention of appellants that the figure "&" between the word "adjoining" and the words "the house known as the Preston house," were either put in the copy of the writing held by appellee by mistake or was placed there after its execution.

It was denied in the pleadings and on the trial that appellants refused to give possession to appellee of any part of the rented property, except the Preston house, and admitted by them that they failed to give him possession of that house because it was not embraced in the contract.

The figure "&" changes the whole tenor and purport of the instrument, and is the basis of this whole controversy, and whether it was properly or improperly in the copy of the contract held by appellee, seems to be the only material question involved.

Section 340 of the Civil Code, sub-section 7 provides that a new trial may be granted on the application of the party aggrieved where his substantial rights have been materially affected upon the ground of "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

It is not the policy of the law to grant new trials upon flimsy pretexts or unsatisfactory evidence, and the trial courts are necessarily invested with large discretion in granting or refusing same. But in this case, the newly discovered evidence is written, stable and certain in its nature, and goes to the very root of the controversy, and its production upon the trial probably would have had a controlling effect upon the verdict. The affidavit filed, having shown reasonable diligence in an effort to produce it on the original trial, we are of the opinion that the lower court erred in refusing to give appellants a new trial. Duncan v. Allender, 110 Ky., 828; Mercer v. King, 19 Rep., 781; Allen v. Perry, 6 Bush, 85.

The judgment is reversed with directions to grant appellants a new trial, and for further proceedings consistent herewith.