## Chicago, St. Louis & New Orleans Railroad Co. v. Cypress Swamp Drainage District No. 2.

## Illinois Central Railroad Co. v. Cypress Swamp Drainage District No. 2.

(Decided December 12, 1922.)

### Appeals from Marshall Circuit Court.

Appeal and Error—Jurisdiction—Appeal Provisions of Drainage Act of 1918 Not Applicable to Action for New Trial Under Section 518, Cvil Code.—The provisions of the Drainage Act of 1918,

requiring appeals to the circuit court and to the Court of Appeals to be taken within ten days do not apply to appeals in an action for a new trial under section 518, Civil Code, but the time within which such appeals shall be taken is regulated by the Code itself.

WHEELER & HUGHES, TRABUE, DOOLAN, HELM & HELM and JOHN G. LOVETT for appellants.

W. M. OLIVER and W. M. REEDER for appellee

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

These two appeals involve the same questions and will be considered in one opinion.

In a proceeding brought in the Marshall county court to establish the Cypress Swamp Drainage District No. 2, certain assessments were made against the Chicago, St. Louis & New Orleans Railroad Company, and the Illinois Central Railroad Company. Thereafter, actions were brought by the railroad companies in the same court under section 518, Civil Code, to vacate the judgments and obtain new trials for fraud practiced by the successful party in obtaining the judgments, and for unavoidable casualty or misfortune that prevented the railroads from appearing and making defense. After a hearing the county court dismissed the petitions and the railroad companies appealed to the circuit court which dismissed the appeals on the ground that the appeals were not taken and prosecuted within the time required by the drainage act. From the judgments of dismissal these appeals were prosecuted, and appellee has moved that the appeals be dismissed on the ground that they were not taken and perfected within the time required by the drainage act.

The proceeding in which the railroad companies were assessed was brought under chapter 64, Acts 1918. It is provided by subsections A and B that appeals will lie to circuit courts "from all orders and judgments of the county court concerning matters pertaining to the provisions of this act, which are final in their nature," and to the Court of Appeals, "from all orders and judgments rendered by any circuit court concerning matters pertaining to the provisions of this act which are final in their nature." In subsection C it is provided that "all appeals granted and prosecuted shall be governed by the provisions of this act. In matters relating to procedure, the provisions of this act are intended to be exclusive of all other remedies. In matters where no rule or pro-

cedure is specifically set out herein, the same shall be governed by the rules of Civil Code of Practice, and the common law rules of procedure prevailing in this Commonwealth." Subsection G authorizes an appeal to the circuit court by any person, firm or corporation, who considers himself aggrieved by any final judgment or order of any county court establishing, organizing or refusing to establish, organize, or provide for, or refusing to provide for the operation or maintenance of any drainage, levee or reclamation district, but provides that "such appeal must be taken within ten (10) days from the day on which the judgment or order was rendered, but not thereafter." The same section authorizes an appeal to this court, but provides in substance that the appeal shall be taken within ten days from the day on which the order or judgment appealed from was rendered and not thereafter, and then prescribes the method of perfecting the appeal. Subsection 18 provides for an appeal "either upon the question of classification or the assessment of benefits or the assessments of damages," and adds, "Such appeal shall be taken and prosecuted in the same manner and within the time provided for in the preceding sections of this act. Upon such appeal, however, no person shall be allowed to raise any question he did not raise in his exceptions filed by him to the report of the board of appraisers in the trial court."

It is the insistence of appellee that the order refusing the new trial concerns matters pertaining to the provisions of the act, and that being true, the act is controlling. It must not be overlooked that we have held in numerous cases that a proceeding for a new trial, under section 518, Civil Code, is a new and independent action designed to afford relief upon grounds not available on appeal, and may be prosecuted notwithstanding the pendency of an appeal. Duncan v. Allender, 110 Ky. 828, 62 S. W. 851; Rice v. Blair, 161 Ky. 280, 170 S. W. 657. In such actions appeals are regulated by the Civil Code, and in the absence of clear and explicit language to that effect, we are not inclined to hold that the Code was amended by the drainage act. Not only is there no such language in the drainage act, but it is clear, we think, that the provisions of the act respecting appeals have application only to orders and judgments entered in the proceeding to establish the ditch. Not only does this appear from the act construed as a whole, but the lan-

guage of subsection 18, providing for appeals upon questions of classification, assessment of benefits or assessment of damages is very persuasive. It provides in terms that upon such appeal, no person shall be allowed to raise any question he did not raise in his exceptions filed by him to the report of the board of appraisers in the trial court, thus showing very clearly that the appeals therein referred to were restrictive in character, and intended to apply only in those cases where the landowner had an opportunity to file exceptions to the report of the board of appraisers.

As the drainage act is not controlling and the appeals were prosecuted within the time fixed by the Code, it follows that we have jurisdiction of the appeals. It also follows that the appeals to the circuit court were prosecuted in time, and that that court erred in dismissing the appeals.

Wherefore the motion to dismiss is overruled and the judgment in each case is reversed with directions to set aside the order dismissing the appeals.