## Whitehouse v. Sam Ferguson Drainage District 11, et al.

(Decided June 11, 1926.)

### Appeal from McLean Circuit Court.

1. Appeal and Error—Provisions of Drainage Act as to Appeals do Not Apply to Appeals in Action for New Trial (Drainage Act 1912 [Ky. Stats., Section 2380-1, et seq.]; Civil Code of Practice, Section 518).—Provisions of Drainage Act 1912 (Ky. Stats, section 2380-1 et seq.), as to taking appeals, do not apply to appeals in action for new trial under Civil Code of Practice, section 518.

2. Drains—That Return Day of Process had Passed when Executed on Landowner in Proceedings to Establish Drainage District did Not Relieve Him of Necessity of Appearing at Future Term (Drainage Act 1912 [Ky. Stats., Section 2380]; Civil Code of Practice, Section 367a, Subds. 4, 5).—In view of Drainage Act 1912 (Ky. Stats., section 2380-4), which does not authorize issuance of process returnable at specified term, and Civil Code of Practice, section 367a, subds. 4, 5, mere fact that return day had passed

when process was executed on landowner in proceeding to establish drainage district did not relieve him of necessity of appearing at future term.

3. Drains—Landowner, Not Moving to Quash Return of Process Because Not Served Until After Expiration of Term at which Returnable, Waived Sufficiency of Service.—In absence of motion to quash return of process in drainage proceedings because not served on landowner until after expiration of term at which returnable, he waived sufficiency of service and was thereafter before court.

4. Drains—In Absence of Motions or Acts by Landowner Before Court, Raising Question of Fraud in Eliminating Arm of Ditch on his Land Without Notice, Allegations of Fraud Need Not be Considered.—Landowner being before court in drainage proceedings, allegations of fraud in first locating arm of ditch on his land and afterward eliminating it without notice to him need not be considered, in absence of motions or acts by him raising such questions.

5. Drains—Statute Does Not Require Court, Without Suggestion by Party to Proceeding, to Strike His Lands from District as Not Benefited (Drainage Act 1912 [Ky. Stats., Section 2380-6]).—Drainage Act 1912 (Ky. Stats., section 2380-6) does not require court, without suggestion by party to proceeding, to declare his lands not benefited and strike them from district.

6. Drains—Failure to File Commissioner's Report Within 30 Days After Judgment Establishing District Does Not Invalidate Subsequent Proceedings, Including Assessment; Statute Being Directory (Drainage Act 1912 [Ky. Stats., Section 2380-6]).—Provision of Drainage Act 1912 (Ky. Stats., section 2380-6), for filing drainage commissioner's report within 30 days after judgment establishing district, is only directory, and failure to file it within such time does not invalidate subsequent proceedings, including assessment.

7. Drains.—Drainage Act 1912 (Ky. Stats., sections 2380-4, 2380-6), does not require entry of judgment establishing district at regular term of county court.

8. Drains—Judgment Reciting that Reports Filed in Drainage Proceedings have Been Set Down for Special Term for Trial by Former Order of Court, and that all Parties Named Therein have Been Duly Summoned for Time Required Held to Show that all had Notice by Order Entered at Regular Term of Hearing of Exceptions at Special Term (Drainage Act 1912 [Ky. Stats., Section 2380-4]).—Judgment reciting that reports filed in drainage proceedings have "been set down for this special term of court for trial, by the former order of this court," and all exceptions disposed of, and that all parties named therein "have been duly summoned" for time required and "are now properly before the court," held to show that all parties had notice by order entered at regular term of hearing of exceptions at special term, as required by Drainage Act 1912 (Ky. Stats., section 2380-4).

9.    Drains—Petition Alleging that Drainage District did Not Benefit
      Petitioner's Lands Held to State no Ground for New Trial; Peti-
      tioner Being Before Court when Orders Affecting Property were
      Made, and no Advantage Being Taken of Him which he could Not
      have Rectified by Simplest Diligence (Civil Code of Practice, Sec-
      tion 518, Subds. 4, 7).—Petition alleging that drainage district as
      finally established did not benefit petitioner's lands because of
      elimination of arm of ditch thereon without notice to him held
      to state no ground for new trial under Civil Code of Practice, sec-
      tion 518, subds. 4, 7; petitioner being before court when orders
      affecting his property were made and no advantage being taken
      of him which he could not have rectified by simplest diligence.

T. O. JONES for appellant.

JOE H. MILLER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On August 2nd, 1915, certain landowners of McLean
county filed their proceeding in the county court to estab-
lish a drainage district wholly within that county. The
proceeding remained upon the docket of that court for
about 5½ years with only certain preliminary steps
taken, and then in February, 1921, certain landowners of
Muhlenberg county owning lands in that county adjacent
to the proposed drainage district in McLean county filed
their petition to be made parties to the proceeding, and
asked to have the proposed district extended so as to
embrace certain territory in Muhlenberg county. Accord-
ingly viewers were directed to view the newly proposed
territory in connection with that originally proposed, and
a preliminary report having been filed including the
Muhlenberg county lands, on August 1, 1921, the clerk of
the McLean county court, acting under the orders of that
court, issued process against the landowners embraced
within the Muhlenberg county territory, of whom appel-
lant was one. That process appears to have been exe-
cuted upon appellant on the 4th of October, 1921, at a
time, however, when two terms of the McLean county
court had intervened between the issual of the process
and its service.

Prior, however, to the service no step affecting ap-
pellant or his property was taken in the proceeding, and
never at any time thereafter did he enter or take any
step whatsoever in the proceeding. But certain other

parties did file exceptions, and after they were disposed of in May, 1922, a judgment was entered establishing the drainage district, and referring the matter to the drain-age commissioner for further action.  The commissioner appointed an engineer who made his report to the commissioner showing in detail the boundary of the main ditch and all arms or laterals, the location of the lands affected, etc., together with a map showing the location of the main ditch and all laterals and arms, and the acreage of all lands affected.  For some reason a supplementary engineer's report was thereafter filed with the commissioner, and after its filing the commissioner filed a report adopting the original report as modified by the second report, and there was an order of court adopting and approving the drainage commissioner's report as thus changed and modified, and directing the viewers to class-ify and assess the benefits, damages, etc., which was thereafter done.

The assessment against appellant's land so fixed and approved was $549.60.

The original report and map filed by the engineer with the commissioner showed that one arm of the main ditch was to run directly through the property of appellant, but the modified or supplemental report as finally adopted by the court eliminated so much of that arm as run through the lands of appellant and left his lands, as now alleged, wholly unaffected or benefited by the establishment of the drainage project.

But appellant entered no motion, filed no exception, and took no steps whatsoever to have any order made so as to relieve him from this assessment.  Nor did he appeal from the action of the county court, as he might have done under the act authorizing the creation of the district.

Upon the filing of the assessment roll the court made an order directing notice by publication in a newspaper that on a given date thereafter the assessment roll would be considered, and the same was thereafter confirmed and made final by an order of the court without exception or objection by appellant.

After the time for appeal had expired this action for a new trial was filed by appellant setting forth in great detail the facts we have endeavored to state above.  His allegation in substance is that the drainage district as finally established did not benefit his lands in the least by

reason of the supplemental or modified report filed by the engineer and adopted by the court, and that therefore that arm of the ditch having been eliminated in so far as it benefited his lands, the assessment against his land should not stand.

In the county court a demurrer was sustained to his petition, and upon its dismissal he appealed to the circuit court, and there again a general demurrer to the petition was sustained, and from an order dismissing the same this appeal is prosecuted.

At the outset we are met with a motion by appellee to dismiss this appeal. The motion is based upon the failure of appellant to take certain steps required by the provisions of the drainage act within certain time in order to appeal from the action of the court in such proceeding. But this is an action under the provisions of the code for a new trial, and in the case of C. St. L. & N. O. R. R. Co. v. Cypress Swamp Drainage District, 196 Ky. 792, the precise question of practice was passed upon, and the court held that the provisions of the drainage act with reference to the taking of appeals, had no application to appeals in an action for a new trial under the provision of the Code, but that the Code regulated the same. It is true in that action the drainage act of 1918 was involved, while in this the drainage act of 1912 is involved, but no distinction in the principle can be made.

It results therefore that the motion to dismiss the appeal must be and is overruled.

But it is said for appellant that so far as he is concerned the judgment establishing the drainage district and all proceedings had therein are void because he was never before the court. This contention is based upon the view that the summons which was served upon him, and as alleged returnable at the September term of the McLean county court, was not valid because not served upon him until after the expiration of that term.

The act in question (section 2380-4), in providing for the filing of exceptions to the preliminary report, says:

"The action on the viewers' preliminary report shall stand for exceptions as to each and every party brought before the court, at the next regular term of the county court after process shall have been executed for the length of time provided by the Civil Code for actions in the circuit court."

The act prescribes no form of "process" which shall be served upon the interested party, and we are unable to see why some act upon his part was not demanded when the paper was served upon him, even though it was served after the term at which it was directed to be returned. It certanily gave him notice there was a proceeding in the county court for the establishment of a drainage district which affected his land; and he knew the duty devolved upon him, if he desired to contest the validity of that service, to appear in court and enter a motion to quash the return. He had no right to assume that the service was absolutely void because it was returnable at a term of court that had passed; and as a reasonably sensible man he must have assumed that no action had theretofore been taken which could affect him; but that his presence in court was required at some future time to take such steps as he deemed advisable. Not only is there a lack of authority in the drainage act to issue a process returnable at a specified term of court as shown by the quotation, but our Practice Act Civil Code (sections 367a-4 and 367a-5) provides that actions at law shall stand for trial at the first term of court after summons has been served in the county ten days, and elsewhere in the state twenty days before the commencing of a term; and equity actions shall stand for trial at the first term of court after the issue shall be completed or, by the provisions of this act, shall have been completed, 30 days before the commencing of the term.

It will be seen, therefore, that whatever the form of the process executed upon appellant was, at some future term of the court after its execution he was presumed to appear in court and take such action as he deemed advisable; and that the mere fact that the return day of the process had passed when it was executed on him did not relieve him of the necessity of thereafter appearing in the action at a future term.

We conclude, therefore, that in the absence of any motion to quash the return, he waived the sufficiency of the service, and was thereafter before the court. Brumleve v. Cronan, 176 Ky. 818; L. & N. v. Smith, 87 Ky. 501; Telephone Co. v. Buckner, 160 Ky. 608.

Appellant, therefore, being before the court there is eliminated from our consideration the allegations of fraud practiced upon him as alleged, by first locating the arm of the ditch on appellant's land, and thereafter elim-

inating the same without notice to him; for if at all times he was before the court he had notice of every step that was taken in the proceeding, and it was his duty to enter such motions or do such things as would raise the questions which he now, for the first time, raises.

But appellant says that under subsection 6 of section 2380 it was the duty of the court, after the original report of the engineer was modified and his land eliminated from the arm of the main ditch, to strike his lands from the drainage district, and not thereafter have the assessments made against the same.

It is provided in that subsection that if when exceptions are filed and the judgment thereon necessitates any change in the viewers' report, the court at the next term shall enter such orders as shall be necessary to carry into effect the judgment of the court, and make such changes in the viewers' report as may be necessary, and then says:

"If any land shown by the viewers' report to be affected is released, such land shall be stricken from the district; if other lands not embraced by the viewers' report are found to be benefited or affected, they shall be added to the district."

Clearly the language used does not impose upon the court without some suggestion by a party to the proceeding the duty to declare that his lands are not benefited and are therefore eliminated from the district, but contemplates by its very language that the land must be released before it is stricken from the district, and does not impose the duty upon the court to release them until the party affected shall have taken some step to that end.

Again appellant claims that the drainage commissioner's report not having been filed for almost a year after the district was established by judgment was void, because subsection 6 of the act requires the same to be filed within 30 days thereafter, and that therefore all subsequent proceedings, including the assessment, were void. Obviously the provision referred to is only directory in its nature, and the very situation involved furnishes an excellent illustration of why that is necessarily so. In this proceeding to establish a drainage district covering a large area in two different counties and involving the rights of several hundred landowners, after the district is created by judgment then the drainage commissioners must employ an engineer and he in turn employ assist-

ants to make numerous surveys, and sometimes a number of maps, and it is not always practicable that such things may be accomplished in 30 days, as indeed it was not apparently in this case.

But it is said for appellant that the judgment is void because it was entered at a special term of the McLean circuit court, when, as contended, the statute requires its entry at a regular term of the county court. This contention is based upon the provisions of subsections 4 and 6.

Subsection 4 provides that action on the viewers' preliminary report "shall stand for exceptions as to each and every party brought before the court, at the next regular term of the county court after process shall have been executed," and in further providing for the hearing of exceptions says: "In the event exceptions shall be filed by any party in interest to the viewers' preliminary report, the proceeding shall be continued from time to time until all the parties are before the court as herein provided for, and at the first, or any other regular term of the court thereafter, the court shall by order entered set the proceeding down for trial on the exceptions filed. . . . If a trial is not had on the day set, it may be continued from time to time in the discretion of the court, and judgment shall be rendered by the court in accordance with the verdict of the jury, or the judgment of the court as the case may be."

An analysis of this language shows that there is no statutory requirement that the final judgment shall be entered at a regular term of court, but that the court shall by its order made at a regular term set the trial of the exceptions for a future date, to the end that all parties who are before the court at such regular term shall thereby have notice of the time and place of the hearing of the exceptions.

Subsection 6, in further dealing with exceptions to the viewers' report, provides: "If such exceptions are filed and the final judgment rendered thereon shall necessitate any change in the viewers' report, the county court, at the next or any regular term after such judgment on said exceptions becomes final, shall enter such orders as shall be necessary to carry into effect the judgment of the court as rendered, and shall by such orders make such changes or modifications in the viewers' report as may be necessary."

Obviously this provision deals with a situation growing out of the entry of the final judgment, and merely empowers the court thereafter at a regular term to change or modify the viewers' report as so approved, upon the motion or at the suggestion of any of the parties to the proceeding.

The judgment recites that the reports filed in the action have "been set down for this special term of court for trial, by the former order of this court, and all exceptions filed to said reports having been disposed of as above set out, and it appearing to the court that all of the parties named in said reports have been duly summoned for the length of time required by law, and that all the parties are now properly before the court and the court being advised, it is now ordered and adjudged, etc."

It is clear from this order that all parties had notice by an order entered at a regular term of the hearing of the exceptions at the special term.

The petition clearly states no ground for a new trial either under subsections 4 or 7 of section 518 of the Civil Code; appellant was before the court at all times when the orders affecting his property were made, and even under the allegations of his pleading no advantage was taken of him which he could not have rectified by the simplest diligence, or ordinary care, and obviously there was no unavoidable casualty or misfortune which he could not have prevented by ordinary care and attention.

The case of Nicely v. Hickman, 188 Ky. 258, and the authorities there cited are conclusive of this appeal.

Judgment affirmed.