# Vogt et ux. v. Newmark Company.

(Decided May 20, 1932.)

92

FURLONG & WOODBURY for appellants.

NATHAN KAHN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellants, Adam Vogt and Lulie W. Vogt, his wife, are the owners of a large city lot located on the east side of Fifth street between Walnut and Liberty streets in the city of Louisville, Ky. This lot, measuring some 45 by 200 feet, is improved with a three-story hotel building fronting on Fifth street, and extends eastwardly some 50 or 60 feet, and from there further extends as a one-story warehouse some 146 feet back to an alley.

The appellee, H. H. Newmark Company, a corporation, was, during the time hereinafter mentioned, the lessee and operator of a store fronting on Fourth street and extending westwardly back to this same alley, opposite to appellants' said warehouse abutting thereon.

The appellee company secured a five-year lease from appellants of this, their rear warehouse building, for use as an unpacking and storage room in connection with its Fourth street store, said lease expiring December 31, 1928.

The appellants' main hotel building was leased in part to the Plaza Hotel Company, and its stores and basement to other parties whose leases thereon also expired December 31, 1928.

In June, 1926, appellants executed an eleven-year lease to the hotel company of this entire Fifth street property, including the stores and also the warehouse leased appellee, assigning the outstanding leases thereon to the hotel company.

In December, 1928, when appellee's five-year lease upon the warehouse in question was about to expire, the hotel company began negotiations with the appellee, seeking to effect a renewal and extension of its lease for a further five-year period at a somewhat increased rent. Failing to make such new contract, it sought the assistance of its lessor, appellant Vogt, who undertook making such extension of lease with appellee. He thereupon in December, 1928, conferred with H. H. Newmark, the owner and manager of the appellee company, in regard

to renewing his expiring five-year lease for a further five-year period at a somewhat increased rental, but with the understanding that he would make certain changes in the warehouse.

Appellant claims that he and the appellee had such conference in which they reached an agreement and contracted for such five-year extension of the warehouse lease at a rental of $192.50 a month, and he to make certain desired changes and repairs in the leased warehouse; also that appellee requested him to have the Plaza Hotel Company, as the holder of an eleven-year lease upon the building, consent to and confirm this new lease contract made by it with him, its owner.

Pursuant to such understanding, he advised his lessee, the hotel company, of the agreement made, and requested that it send to appellee its written confirmation of, and consent to, such new lease.

In fulfillment of this agreement with appellee, appellant dictated for the hotel company a letter wherein the alleged new agreement of lease made by him with appellee was referred to as made and its terms recited. This letter was duly signed by the hotel company and delivered to appellee, who, according to the messenger's testimony, accepted the letter, and at the time stated that "it was alright and cleared up everything."

Mr. H. H. Newmark, owner and manager of the appellee company, testifies to a very different understanding having been reached by him with Vogt upon the occasion of their conference in regard to extending the warehouse lease, and denies that any agreement or contract was made by them to extend or renew the lease, but, on the other hand, he states positively he told Vogt he did not want to renew the lease for a further five-year period and would not upon his proposed terms of a higher rent for less space in the warehouse, and that he could have his warehouse and he would move. He also testifies he told appellant he would only rent the warehouse "by the month" from him for a while longer at the same rent as he had been paying, but would make no new long-term lease therefor, to which appellant replied, "That's all right. Go ahead and keep the building that way and this contract will be between us."

This version of the parties' negotiations is corroborated by the testimony of David Nathan, secretary of the appellee company, who was present at their conference.

About January 1, 1929, the Plaza Hotel Company's letter purporting to confirm the new lease as alleged and requested was delivered the appellee, Newmark, who at once upon its receipt, according to the testimony of both himself and Nathan, called up Vogt to inquire as to what this letter from the hotel meant and was intended for, as Vogt had told him his rental of the warehouse would be by the month and was to be only between themselves, and that the hotel company would have nothing further to do with it. However, the letter recited that he had renewed the lease for a further five years, when he had made no such contract. Vogt replied that such statement in the letter was due to a misunderstanding of the situation by the hotel company and to pay no attention to it, but to go ahead and use the building according to their agreement about it; that appellee at the time also went to Vogt and asked to see a copy of the alleged renewal contract referred to, which Vogt could not produce, and also went to see Woodbury, his attorney, about this claimed lease renewal contract, who told him that he knew nothing about it, but that he had made no such contract with him; he then sent his rent check on January 8 for $175; Vogt called him up and told him he would have to have $192.50 rental for the warehouse, and to send him $17.50 more on the January rent, when he could go on and rent the building by the month as agreed.

Appellee states that he continued to rent the warehouse "by the month" at such rental until February 1, 1930, when, having given appellant a month's notice that he was vacating the building, he paid the then accrued month's rent and removed therefrom.

Upon appellee vacating the warehouse and refusing to pay further rental therefor, appellants filed suit in the Jefferson circuit court in July, 1930, seeking to recover six months' rent accrued to that time of $1,155.

Later it amended its petition, seeking $577.50 for a further three months' accrued rental, making total rent sought $1,732.50.

Plaintiffs in their petition further alleged that prior to December 31, 1928, the date of the expiration of the original lease, the defendant, H. H. Newmark Company, entered into negotiations with the Plaza Hotel Company and these plaintiffs for the purpose of securing a renewal of the lease for an additional five years; that said negotiations were concluded December 28, 1928, at which time a written acceptance was made of the proposition

of the defendant company to the hotel company and plaintiffs by the hotel company and plaintiffs, and that defendant continued in possession thereunder and paid the rental under said renewal of lease until February 1, 1930, and further alleged that the said renewal of lease by defendant was made by agreement and lease in writing had with it.

Plaintiffs filed with their petition as such alleged written agreement the hotel company's letter of December 28, 1928, delivered by it to appellee, which, so far as bears on the case, was as follows:

"H. H. Newmark & Co., Louisville, Ky.

"Gentlemen: Attention H. H. Newmark, President. Referring to the lease made to your Company by Adam Vogt and Lulie W. Vogt, his wife on January 1st, 1924 which expires December 31st, 1928.

"Mr. Vogt has informed us that he has agreed with your Company and consented to extend this lease for a term of 5 years to December 31st, 1933 at a rental of $192.50 per month during the term of the extended lease.

"It is understood that Mr. Vogt, at his expense . . . (will make agreed repairs).
"Yours truly,
"Plaza Hotel
"Arthur E. Wooden"

Defendant answered (1) denying the allegations of the petition, (2) pleading a "by the month rental contract," and (3) that the alleged new lease extension contract, if any there was, was for more than a year, and one which neither lessor nor lessee could perform within one year, and contrary to the statute of frauds and perjuries as provided by sections 490, 494, and 470 of the Kentucky Statutes.

Plaintiffs replied, denying the making of a by-the-month rental contract with defendant, and also that the said lease was not in writing and not signed by the party to be charged or that same was contrary to the statute of frauds and perjuries, and filed as exhibit therewith copy of reassignment to store leases made by hotel company to it in January, 1929.

Upon trial had upon the issues so joined, the court refusing to give the instructions either as offered by ap-

pellants or appellee, upon its own motion, instructed the jury as follows:

"If the jury believe from the evidence that prior to the expiration on December 31, 1928, of the five year lease to defendant, H. H. Newmark Company, concerning which you have heard evidence, said defendant, H. H. Newmark Company, agreed with plaintiff, Adam Vogt, to extend the term of said lease for a period of five years at a rental of $192.50 per month, and that defendant, H. H. Newmark Company, after the receipt of the letter of the Plaza Hotel of date December 28, 1928, acquiesced in the terms of said letter and continued to occupy said premises thereunder, you will find for the plaintiffs, Adam Vogt and Lulie W. Vogt, and against the defendant, H. H. Newmark Company, in the sum of $1,732.50, with interest at 6 per cent per annum from September 30, 1932; but unless you so believe from the evidence, or if you believe from the evidence that plaintiff, Adam Vogt agreed with defendant, H. H. Newmark Company that upon the expiration of the five year lease above referred to, the defendant, H. H. Newmark Company might occupy said premises from month to month at a rental of $192.50 per month, the law is for the defendant, H. H. Newmark Company, and against the plaintiffs, Adam Vogt and Lulie W. Vogt, and you should so find, saying so by your verdict and no more."

The jury returned a verdict for the defendant, from which verdict and judgment thereon, upon their motion and grounds for a new trial being overruled, the appellants have prosecuted this appeal.

The appellants by counsel earnestly insist that the court prejudicially erred in refusing to give their offered instruction, whereby the court was asked to instruct the jury that the letter of December 28, 1928, of the Plaza Hotel Company to H. H. Newmark Company, and delivered to the Newmark Company, if accepted by it, constituted a valid contract in writing for the extension of the lease, and that such acceptance could be made orally or shown by the action of the defendant, Newmark Company, in remaining in the premises after the expiration of the original lease, and, if the jury so believed, they would find for the plaintiff. However, it will be noted that the court substantially did when it instructed the

jury that, if it should believe from the evidence that the Newmark Company agreed with the plaintiff Adam Vogt to extend the term of said lease for a period of five years at a rental of $192.50 per month, and that defendant, H. H. Newmark Company, after the receipt of the letter of the Plaza Hotel Company of date December 28, 1928, acquiesced in the terms of said letter and continued to occupy said premises thereunder, it would find for the plaintiffs, which gave to appellants the advantage sought by the instruction asked for, in so far as it permitted the jury to treat the letter as constituting a sufficient written, signed, memoranda of the lease renewal contract to satisfy the requirements of the statute of frauds and perjuries. Therefore appellants are left without meritorious ground for complaining because of the court refusing to give the instruction offered, as that given sustained the construction of the letter urged by appellants.

However, a careful review and consideration of the evidence heard upon the trial discloses that the testimony of appellants and their witnesses was in striking contradiction of, and conflict with, that of appellee and its witnesses in respect to the very material question as to whether or not any agreement had been reached or had between the appellants and appellee providing for the renewal or extension for a further five-year period of their original lease of the warehouse.

It is obvious, from allegations of plaintiff's petition, it was necessary for plaintiffs, in order to recover upon the basis of such alleged renewal agreement, that they should prove such an extension agreement or contract was made between appellee and appellants upon the expiration of their original lease.

The letter in question, of December 28, 1928, of the hotel company delivered to the appellee was relied upon by appellants, not only as being sufficient to satisfy the required written memoranda of such agreement, but as also being sufficient in itself to constitute such earlier agreement alleged to have been made by appellants and appellee providing for such alleged renewal of the lease.

The trial court, it appears, was properly of the opinion that appellants' instruction as offered assumed the existence of such necessary agreement of the parties having been made to extend the lease, whereas its existence was emphatically denied by appellee. The giving of an instruction which assumes the existence of a fact

denied and one properly calling for proof of its existence was by this court in the case of Louisville & N. R. Co. v. Reverman's Adm'x, 228 Ky. 500, 15 S. W. (2d) 300, held to be erroneous. Therefore we are of the opinion that the court, the evidence being in conflict as to such renewal contract having ever been made between the parties, properly submitted, by the instruction given, such question of fact to the jury for its finding upon the evidence as to whether or not the alleged contract or lease renewal had been made by the parties, and, if found by the jury to have been made by the parties, it should further find that the defendant company, after the receipt of the letter of the Plaza Hotel purporting to recite the terms of the alleged renewal contract, acquiesced in the terms of said letter, and continued to occupy the premises thereunder that it would find for the plaintiffs (or appellants).

The evidence is in conflict as to appellee's alleged acceptance or acquiescence in the terms of the contract as recited in the letter, upon its receipt of the letter, in that it states it at once called Vogt and repudiated its recital of its having agreed to an earlier lease extension agreement with him, and that Vogt replied that such recital in the letter was due to a misunderstanding of the situation on the part of the hotel company, and that appellee might continue to hold the leased property under their different agreement of lease providing for a "by the month tenancy," raised questions of facts, to be submitted properly to the jury for its determination as to whether appellee's continued holding of the leased property was an acceptance of and acquiescence in the terms of the lease contract referred to in the letter.

The instruction as given properly submitted to the jury the question of whether parties had made any lease renewal contract, also of whether, under this evidence appellee's continued holding of the premises was an acceptance by it of the contract set forth in the letter.

It would certainly be going an unreasonable length to hold, as contended for by appellants, that appellants should be allowed to establish the basic fact of having made the alleged renewal contract with appellee, in the face of his vigorous denial of it, through successfully resorting to the strategy of writing or having had written to him a letter, referring to such contract as having been reported by appellant as made with appellee, and further therein reciting as the terms of such contract

those contended for by him. Such ingenious method of establishing the desired contract in lieu of other and customary methods would certainly result in rewarding such ingenious ruse for avoiding the burden of proof with a very unreasonable advantage over the appellee denying its making. To give such effect to the recitals of such self-serving letters might well result in imposing upon the adverse party the terms of agreements therein recited as made, and fastening liability upon him to perform an alleged undertaking which the appellee had never in fact assumed or agreed to perform.

In the instant case the appellee, having denied both the making of the alleged renewal lease as well as his acceptance of or acquiescence in the terms of the contract as in the letter recited to have been made by him, presented an issue of fact as to whether or not this new contract or lease referred to in the letter as made by appellee with appellants had in fact been made, and we think the court correctly held that this question was one of fact for the determination of the jury upon the conflicting evidence of the parties as to it. The question presented by this conflicting testimony was not one as to whether the letter in question signed by the hotel company as then lessee of the warehouse was sufficient to satisfy the requirements of the statute of frauds and perjuries, but was rather one as whether or not the appellee had in fact entered into a renewal lease contract at all with the defendant.

We are therefore of the opinion that the trial court rightfully, by its instruction as given, submitted this question to the jury.

The appellants very strongly urge that the case of Abraham v. Gheens, 205 Ky. 289, 265 S. W. 778, 40 A. L. R. 186, strongly supports their contention here made. However, we find that in that case the facts were much different from those of the case at bar. It was there held that where, during the term of a one-year lease, the lessor gave written notice of a $15 increase in rent during the following year, and lessee refused to execute a new contract, but held over for four months, paid the increased rent, and then moved, he was liable for increased rent for the entire second year in view of section 2295 of Kentucky Statutes, providing for case of tenants holding over for four months without contract.

The mere statement of the holding of this case is we deem sufficient to show it inapplicable to the different

questions presented upon the very different facts found in the instant case. Rather are we of the opinion that the legal principles declared in Gorman v. Gorman, 210 Ky. 65, 275 S. W. 366, 367, are more applicable for the determination of the question herein sought to be presented as to the sufficiency of the letter to establish in itself the alleged contract. There a letter was written by vendors to purchaser, and signed only by them, submitting to purchaser for his approval and acceptance ultimate contract for sale of coal lease that vendors were willing to execute. This court there said:

"It is . . . clear that the inclosed and referred to papers do not constitute, either singly or collectively, a memorandum that will satisfy our statute of frauds. . . .

"This court uniformly has construed our statute to mean that, while the written memorandum of the contract need be signed by the vendor only, it must be delivered to and accepted by the vendee before the contract becomes enforceable by either party. Duteil v. Mullens, 192 Ky. 616, 234 S. W. 192, 20 A. L. R. 361.

"This means, of course, that in this state the memorandum must acquire the element of mutuality before it can animate the proscribed verbal contract, and this necessarily involves the intention and purposes of the parties as expressed in the delivered and accepted instrument. . . .

"This does not mean, of course, that correspondence through letters or telegrams, or both, will not satisfy our statute, if a contract and its essential terms are thereby shown, but only that there was no correspondence between the parties here showing that they had ever contracted at all."

In the instant case the letter relied on, as constituting the contract and also proof that appellee had entered into the new lease extension agreement with appellants as therein recited was so reported by appellants to the writer of the letter, gave only this self-serving report of appellants that such contract was made as proof that such contract had really been made with appellee, which appellee denied and refused to accept as a true or correct statement as to it.

After concluding that only a question of fact as to the matter of the making of this renewal contract was

presented by the issues and the evidence herein, we deem it unnecessary and inopportune to now undertake to consider and dispose of the lengthy and exhaustive arguments of both appellants and appellee as to whether the letter delivered appellee and signed only by lessee constituted a sufficient memorandum of the alleged claimed five-year lease extension contract to satisfy the requirements of our statute of frauds and perjuries.

Some complaint is also made by appellants that the court erred in denying them a new trial, to which they contend they were entitled upon the grounds of surprise and newly discovered evidence.

We are of the opinion, however, that this claim, based upon such grounds of objection, is without merit and cannot be sustained.

Section 340, subsections 3 and 7 of the Civil Code of Practice, provides that a former verdict or decision may be vacated and a new trial granted on the application of the party aggrieved for causes affecting materially his substantial rights suffered through accident or surprise which ordinary prudence could not have guarded against or for newly discovered evidence material for the party applying which he could not with reasonable diligence have discovered and produced at the trial.

The surprise, suffered by appellants here, consisted of the unexpected answers of appellee given upon his cross-examination by them to the effect that he had leased his Fourth street store to another, with the privilege of transferring its possession by May, 1931, leaving the inference from this that such fact was sufficient reason why he would not have made the alleged renewal lease with appellants extending to December, 1933, long past the time when he had his Fourth street store, and that such contract to transfer its lease was "in the files."

Appellants contend that this answer was unexpected, and unduly influenced the jury as an untrue argument against its having made the alleged lease, and that they were prejudiced thereby, and also that their subsequent examination of the public records in the clerk's office disclosed that the recorded contract to transfer appellee's store lease provides for such to be done in May, 1933, and that such new evidence is very material; even. though appellee's answer was to the effect that his right to transfer the lease in May, 1931, was given by papers "in his files," and did not say "to be found in the public record."

Appellants did not then ask, as they might have, that he produce in evidence these papers referred to, as being "in his files," nor do they now know what their contents would show if produced.

It is further all evidence ("alios acta") and of doubtful competency or relevancy herein.

We are therefore of the opinion that neither the "surprise" complained of as suffered by appellants or the newly discovered evidence upon which new trial is sought is such in its weight and character as entitles appellants to the new trial requested.

The courts, in construing the provisions of this section of the Code, have uniformly held that the newly discovered evidence which would entitle a party to a new trial must be of such a permanent and unerring character as to preponderate greatly or have a decisive influence upon the evidence to be overturned by it. Owsley, Sr., v. Owsley, Jr., 117 Ky. 47, 77 S. W. 397, 25 Ky. Law Rep. 1186; Duncan v. Allender, 110 Ky. 828, 62 S. W. 851, 23 Ky. Law Rep. 256; Mercer v. King, 42 S. W. 106, 19 Ky. Law Rep. 781; Goddard et al. v. Latta, 152 Ky. 538, 153 S. W. 737; Reid v. Craig, 204 Ky. 151, 263 S. W. 678.

Perceiving no prejudicial error committed by the trial court herein, the judgment is affirmed.