# New York Casualty Co. v. Williams & Henning.

April 24, 1945.

Squire R. Ogden, T. M. Galphin, Jr., and Ogden, Galphin, Tarrant & Street for appellant.

Charles W. Milner, Hubert T. Willis, and Bullitt & Middleton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK — Reversing.

This appeal is from a judgment awarding Williams & Henning the sum of $921.26, and dismissing the counterclaim of the New York Casualty Company in the amount of $590.11. The action was brought by the appellees to recover a balance which they alleged was due them for commissions on premiums on certain insurance policies issued by the appellant. The figures representing the claims of the parties are not in dispute. If the appellees are entitled to recover, the judgment is correct. If not, the appellant is entitled to recover on its counterclaim.

Four large construction companies were awarded a contract to do certain work for the Federal Government at Fort Knox. One of the companies, Whittenberg Construction Company, was authorized to arrange for the necessary public liability insurance and workmen's compensation insurance. The representatives of several insurance companies, including a representative of the appellant, were soliciting this insurance business. On November 6, 1940, Mr. Whittenberg contacted a representative of the appellant, Lewis Y. Johnson, and told him he was placing the business with the New York Casualty Company, but that he wanted the commissions divided equally among three insurance agencies—one of

them being the appellee's. Johnson agreed to a division of the fees and his company issued the insurance policies. Subsequently, the appellant paid directly to the appellees a sum which it considered to be one-third of the commissions due on the policies. The commissions paid were calculated on a cut rate basis and not on the basis of full or standard commissions on such insurance. Being of the view that they were entitled to the full or standard commissions, the appellees instituted this action to recover the difference. The appellant's Louisville agent had a contract calling for a commission of 17½ per cent. on workmen's compensation insurance and 25 per cent. on public liability insurance. The record shows conclusively that these commissions were the regular or standard commissions for these types of insurance.

As we view the case, the controversy grows out of the discussions between Mr. Whittenberg and Mr. Johnson as to the amount of commissions to be paid on the insurance. The testimony for the appellees is to the effect that it was Mr. Whittenberg's understanding and agreement with, and direction to, Mr. Johnson that the full and regular commissions were to be paid; while that for the appellant is to the effect that Mr. Johnson, after several conferences with his New York office, and after the appellant's agent had so agreed, advised Mr. Whittenberg that the company would not write the insurance except on the cut rate basis. Allegedly, because of an equity rate reduction, the rates paid by the appellant were 12½ per cent. on workmen's compensation insurance and 20 per cent. on public liability insurance.

The appellant devotes considerable space in its briefs to the equity rate reduction question, and a good deal of testimony was offered in relation thereto. As we view the case, however, this question has little, if any, bearing on the major issue involved, since this special rate was applied only to the public liability insurance, the premium on which constituted only some $7,000 out of the total premiums of $110,000. It seems that the custom is followed in the insurance field of allowing these special rates on large policies where relatively small risks are involved, upon approval of the National Bureau of Underwriters. The testimony for both parties shows that, while not always the case, it is usually the practice to allow a smaller commission to the agents

writing them, but, as we have indicated, the equity rate reduction involved in the case at bar can be of little comfort to the appellant because it was applied only to a very minor part of the insurance.

The appellant advances a number of arguments in support of its contention that it was entitled to a directed verdict, because the petition did not allege, and the evidence did not support, an enforcible contract between the appellant and the appellees, or one made for the benefit of the appellees by Mr. Whittenberg. We deem it unnecessary to enter upon a discussion of this point, because we think the record shows beyond question that some type of agreement was entered into between Mr. Whittenberg, the representative of the contractors, and Mr. Johnson, the representative of the appellant, as to the issuance of the insurance policies and the division of the commissions. True it is that the appellees were not parties to the contract, but the agreement was made by another for their benefit. Such contracts have long been approved in this jurisdiction. The petition charged that Mr. Whittenberg had an understanding that the full commissions were to be allowed, and the reply set forth that it was requested and stipulated that the full commissions be divided among the three named agencies. The company's response was that it had paid all that it had agreed to pay, and, as we have noted heretofore, it actually did pay directly to the appellees the commissions which it deemed to be due them. It was shown that the division of insurance commissions is not an unusual practice in writing insurance, such as that involved in the case before us. If the Company were contending that Mr. Johnson never agreed with Mr. Whittenberg as to a division of the commissions, and no amounts had actually been paid to the three agencies, we would be dealing with quite another question.

Some point is made that the consideration for the agreement, if any, was illegal because KRS 298.230 directs that no insurance company shall give any valuable consideration or inducement not specified in the policy in connection with the placing of insurance. There was a consideration for the agreement between Mr. Whittenberg and Mr. Johnson, because it was shown that the insurance was placed with the appellant upon the condi-

tion that the commissions be divided equally among three designated agencies. There was no special inducement given Mr. Whittenberg as representative of the contracting companies. In fact, he and the other contractors paid the full premiums just as they would have been paid had the insurance been placed with only one company or divided among several of them. It strikes us that the special favor, if any, according to the contentions of the appellant, went to it, because it is attempting to withhold a part of the agent's commissions which are generally paid on insurance such as that involved herein.

The second ground for reversal is directed toward the charge that the court permitted the appellees to introduce incompetent evidence and refused to permit the appellant to introduce competent evidence. The record shows that the court permitted a wide range of proof to be introduced in order that the jury might be acquainted thoroughly with all aspects of the controversy. Mr. Whittenberg was permitted to introduce a letter which he wrote to Mr. Johnson on December 19th (the insurance was issued November 6th), wherein he stated:

"In placing the compensation and public liability insurance with your company on the Fort Knox Project it was our intention, and you were instructed, to allow full commission to the three agents designated to receive same, to be equally divided.

"We understand that the rate of commission named is 5 per cent. less than two of these agents would have received had same been placed with the companies they represent. If this condition is true I will appreciate your taking whatever steps that are necessary to correct same. The agents have been told that checks for the commission will be mailed to them by your office as soon as audits are made and premiums collected."

A similar letter from one of the other contractors was admitted also. Mr. Whittenberg was the principal witness for the appellees. His testimony is much less forceful without the aforementioned letter because, while he said it was his understanding that the full commissions were to be paid, and he thought he so instructed Mr. Johnson, he stated at the outset of his deposition: "My memory is very vague on exactly the words used in various conversations." The appellant contends that

Mr. Whittenberg's letter was a self-serving statement, while the appellees contend that it can not be so construed, because it was not written by either of them. The appellees overlook the fact, however, that they are suing on a contract made for their benefit by a third party. Mr. Whittenberg, as representative of the contractors, and Mr. Johnson, as representative of the appellant, were the parties who actually made the agreement as to the division of the commissions. The letter was certainly self-serving, in so far as one of the contracting parties was concerned, and should not have been admitted. It may be well to state at this point that the competent evidence, which the appellant contends the trial judge refused to permit it to introduce, related to communications between its representatives, and, of course, was incompetent for the same reason as was Mr. Whittenberg's letter. As said in Vogt v. H. H. Newmark Co., 244 Ky. 91, 50 S. W. 2d 54, to permit the introduction of such self-serving letters might well result in imposing upon the adverse party the terms of an agreement related therein, and fasten upon him the performance of an alleged undertaking which he never in fact assumed or agreed to perform. .

Mr. Williams, one of the appellees, also introduced Mr. Whittenberg's letter. This, of course, was error. He was permitted to testify also relative to certain mimeographed publications of the State Director of Insurance. These publications recited that the reduction of an agent's commission would be considered a violation of the State's anti-discriminatory law, unless applied uniformly to a stipulated class of risk. There is no statute in this State regulating the amount of agents' commissions, and the Director of Insurance has not been delegated authority to regulate them. As pointed out in Goodpaster v. Foster, 296 Ky. 614, 178 S. W. 2d 29, the Director of Insurance has only such authority as has been delegated to him by the Legislature. Under the circumstances, the trial court should not have admitted this evidence. Neither should Mr. Williams have been permitted to testify that his company would have been glad to write the reduced insurance and allow the full commissions.

The instruction toward which complaint is directed follows: "(1) If you believe from the evidence that the witness Whittenberg, instructed the witness Johnson on

or about November 6, 1940, at the time the insurance for the associated contractors upon the Fort Knox project described in the evidence, was placed through the witness Johnson with the defendant, New York Casualty Company, that three insurance agencies, namely, The Sterling Thompson Agency, Fred M. Garrett Agency, and the agency of the plaintiff, Williams & Henning, should receive the full, customary or general agent's commission and that such commission should be equally divided between the three said agencies, then the law is for the plaintiff and you shall so find.''

It is pointed out that the jury could have found for the appellees if they believed that Mr. Whittenberg merely instructed Mr. Johnson as to the division of the commissions. The instruction should have been framed so as to permit a finding for the appellees if the jury believed that it was the understanding or agreement between Mr. Whittenberg and Mr. Johnson that there should be a division of the full or customary commissions. Complaint is made also of the use of the words, ''full, customary or general agent's commission,'' because the petition refers only to the full and entire commission. We do not believe this wording to be prejudicially erroneous, because the proof shows conclusively that the full and entire commission was the usual, customary or general agent's commission. However, if there be another trial of this cause, it would probably be better if the words ''or general agent's'' be omitted from the instruction, because they were not used in the pleading.

Judgment reversed, with direction to set it aside, and for proceedings consistent with this opinion.

Whole Court sitting.