**Lawrence F. SPECKMAN, Appellant,**

v.

**Harry GOLDBERG, Executor of the Estate of Louis Goldberg, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1961.

Ernest Woodward, Woodward, Hobson & Fulton, Louisville, for appellant.

Stuart A. Handmaker, Milliken, Handmaker & Rosenstein, Edward W. Bensinger, Bernard S. Goldstein, Goldstein & Poynter, Louisville, for appellee.

MONTGOMERY, Judge.

Lawrence F. Speckman by this action sought to recover $23,908.13 for legal services rendered to Louis Goldberg, now deceased. The Chancellor held that there was an accord and satisfaction in so far as services rendered prior to November 1, 1956, were concerned and awarded an additional fee of $2,000 for services rendered after that date. Appellant complains of the accord and satisfaction holding.

Appellant had successfully represented Louis Goldberg in lengthy litigation. The Chancellor found as a fact that the amount there involved was a "measurably larger figure than $129,694.71, so far as the protection to Louis Goldberg" was concerned. The litigation continued for twenty-eight months and was concluded shortly after the death of Louis Goldberg on April 11, 1957. No complaint is made concerning the quality of services rendered by appellant.

Prior to July 13, 1956, Goldberg had paid appellant $100 on his fee. On July 13, 1956, appellant sent Goldberg a statement as follows:

"Mr. Louis Goldberg

"Services Rendered to Date in Action
3771
Jefferson Circuit Court
Mrs. Rose Hirshberg vs Louis Goldberg $1,000.00"

A similar statement was sent on November 1, 1956. These statements were sent by appellant's bookkeeper at his direction although appellant contends that the phrase "services rendered to date" was inserted without his knowledge.

Appellant endorsed and cashed Goldberg's check for $1,000. It was disputed whether the check was mailed on December 31, 1956, its date, or was delivered in person later. The check bore on its face the following printed statement:

"By Endorsement This Check is Accepted in Full Payment of the following Account

"Date                          Amount"

under which was written:

"11/1                          Invoice

"Action No. 3771"

The payment was pleaded in the answer of appellees as constituting an account stated and as an accord and satisfaction. The Chancellor held that it mattered little which view was taken so far as the end result was concerned, since in either case there had to be something in the nature of an agreement, express or implied.

Testimony concerning a statement dated January 1, 1957, and a letter dated January 3, 1957, sent by appellant to Louis Goldberg was held to be inadmissible. Appellant's testimony was held to be inadmissible as being violative of KRS 421.210(2) and as a self-serving declaration. Testimony by his employee was held to be a self-serving declaration under authority of New York Casualty Co. v. Williams & Henning, 300 Ky. 195, 187 S.W.2d 801. The Chancellor's ruling on the inadmissibility of the testimony is not challenged with authority in appellant's briefs.

As stated by appellant's counsel in his brief, "The only vital question on this appeal is the legal effect of the words" contained in the legend on the face of the check. Quoting further from the brief, "If the quoted language (the legend) constituted an accord and satisfaction in settlement for all services to that date, as a matter of law, then the judgment * * * should be affirmed."

Until the rendition of the statements by the appellant to Goldberg, the claim for legal services rendered by appellant to his client was unsettled or unliquidated. The insertion of the phrase "services rendered to date" and the insertion of the amount "$1,000" established appellant's claim against Goldberg for such services as had been rendered prior to the date of the statement. The legend on the face of the check presented to and accepted by the appellant is plainly printed in part and legibly written in part. It meets the requirements of being "plainly expressed" set forth in Fidelity Mutual Insurance Co. v. Preuser, 195 Ky. 271, 242 S.W. 608.

Under such circumstances, one who endorses and cashes a check is charged with knowledge of what is contained on its face. The Chancellor correctly held that at such time "there must be implied a meeting of the minds that the check was in full (payment) of all services rendered prior to November 1, 1956," and was an accord and satisfaction. Rogers v. Rogers' Adm'r, 192 Ky. 649, 234 S.W. 278; Alcorn v. Arthur, 230 Ky. 509, 20 S.W.2d 276; Hodges v. Daviess County, 285 Ky. 508, 148 S.W.2d 697. See also White v. Goodford Motor Company, 296 Ky. 508, 177 S.W.2d 892.

Judgment affirmed.